December 1, 1905. The goods were delivered on or about November 16, or 17, 1905, but were not then accepted by the defendant, for want of room to store them, and were taken back by plaintiff's representative, who promised to deliver them again later on. Whether or not the goods were delivered, or delivery of them tendered, the second time is the question at issue in this case. The plaintiff's representative testified as follows upon that subject. "Q. Pursuant to your promise did you send the goods again? A. Yes. Q. Were they accepted? A. I don't know." The next question put this witness was by the defendant's attorney. "Q. You say the goods were sent again? A. I don't know." Against this was the positive and unequivocal testimony of the defendant, who swears positively that the goods were never delivered a second time, nor was there ever any offer to deliver. The testimony was clearly insufficient to authorize a judgment in favor of the plaintiff for the full value of the goods.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### MADDEN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 1, 1906.)

EVIDENCE—TESTIMONY OF PARTY—SUFFICIENCY—JUDGMENT AGAINST EVIDENCE.
    Notwithstanding the interest of plaintiff, and though his case rests solely on his own testimony, and the court had opportunity to observe his demeanor, it is error to reject such testimony and give judgment for defendant; plaintiff's testimony not being contradicted, his story being direct and natural and bearing no signs of improbability, and there being nothing in the case to impeach his veracity.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2438.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Daniel F. Madden against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Harcourt Bull, for appellant.
William E. Weaver, for respondent.

PER CURIAM. The plaintiff sued to recover a penalty of $50 under section 104 of the Railroad Law (Laws 1890, p. 1114, c. 565, as amended by Laws 1892, p. 1406, c. 676), alleging the refusal of the defendant to give him a transfer to enable him to continue his journey over an intersecting line controlled by the defendant. The plaintiff testified in his own behalf and put in evidence certain admissions of the defendant and then rested. The defendant offered no evidence, but moved for a dismissal of the complaint, which was denied. The defendant then rested, and renewed his motion to dismiss. This motion was also denied.

According to plaintiff's testimony he resides at 602 East Seventeenth street. On November 28, 1905, desiring to go to Broadway and

Third street, he boarded an Avenue C car at Avenue B and Seventeenth street. He paid his fare and received a transfer to a Christopher street car going west. He got upon the latter car and asked for a transfer to a Broadway car. This was refused by the conductor, and when he got to Broadway he boarded a Broadway car, paid his fare, and went to his destination. Plaintiff is a postal clerk employed in Branch O, at the corner of Fifth avenue and Seventeenth street, and has resided at his present address eight years. On the day in question he was going to Newman's shirt store at West Third street and Broadway to make some purchases. Plaintiff says that he made a memorandum of the episode purposely to make a case against the railroad, and that he had made a case once before. On this state of facts judgment was rendered for the defendant and against the plaintiff for $10 costs. The learned trial justice evidently rejected the testimony of the plaintiff as unworthy of belief. If his statements were true, he made a case entitling him to judgment. The question to be determined here is whether the court was justified in that course. The mere fact that the plaintiff seeks to recover solely upon his own statement will not justify the rejection of his testimony. In addition to the facts of his interest and of his testimony being the sole support of his claim, it must also appear that his testimony is inherently improbable or suspicious. There must be something in the case to impeach his veracity in some way. Where the plaintiff's story is natural and not improbable, it is error to reject it arbitrarily. Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102; Littlefield v. Lawrence, 83 App. Div. 327, 329, 82 N. Y. Supp. 25. The story told by the plaintiff is direct and natural. It bears no signs of being improbable. It is quite true that the learned trial justice had opportunity to observe the plaintiff's demeanor on the stand; but it seems to us that, considering the character of plaintiff's testimony, the rejection of it as untrue cannot be justified solely on the ground of the unfavorable impression made by the plaintiff's demeanor.

Under the circumstances we think that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

---

### MADDEN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 1, 1906.)

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Daniel F. Madden against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Harcourt Bull, for appellant.

William E. Weaver, for respondent.

PER CURIAM. Plaintiff sued to recover a penalty of $50 under section 104 of the railroad law (Laws 1890, p. 1114, c. 565, as amended