pile the stuff on one side in the office. The plaintiff's wife, Theresa H. Freeman, testified:

"Nothing was examined that evening; simply put in as rapidly as possible."

Plaintiff's witnesses then say that plaintiff locked the door in which the goods were placed, leaving the key in the door, and also bolting it; but the room was accessible to any of the occupants of the house. The next morning he arose; did not go to the room, but went fishing. He returned about half past 4 o'clock in the afternoon, and learned that other members of his household had discovered at 9 o'clock in the morning that the box of goods, alleged to have been lost, was missing. The plaintiff's witnesses, therefore, do not positively testify that the defendants failed to deliver at Arverne all the goods received by their man in New York that same night. They only testify that the next morning at 9 o'clock a box was missing. The simple fact presented to the jury was:

"Did the defendants deliver to the plaintiff at his Arverne residence all the goods received by them for cartage at his New York residence?"

The defendants' witness, the driver, testified that he did, and the jury had a right to believe him. There are no questions of law requiring discussion, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

(53 Misc. Rep. 322)

### GRUBER et al. v. NEW YORK CITY RY. CO. (two cases).

(Supreme Court, Appellate Term. March 14, 1907.)

1. EVIDENCE—JUDICIAL NOTICE—LOCATION OF STREETS.
    The Appellate Term can take judicial notice of the direction and location of the streets and avenues in New York City.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 11.]

2. CARRIERS—REFUSAL TO GIVE TRANSFERS—EVIDENCE.
    In an action against a carrier for refusal to give plaintiff a transfer, evidence on behalf of plaintiff considered, and *held* so incredible that the trial court was justified in directing a verdict for defendant.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Actions by Samuel Gruber and by Philip Gruber against the New York City Railway Company. From judgments in favor of defendant, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Louis Kasik, for appellants.
James L. Quackenbush, for respondent.

GILDERSLEEVE, P. J. The plaintiffs brought these actions to recover for penalties for defendant's refusal to give transfers to the plaintiffs while passengers upon the defendant's car. Both cases were tried upon the same day and upon substantially the same testimony; the plaintiffs being brothers and traveling in company at the time

the transfers were alleged to have been refused. Each plaintiff testified in his own case, and was the only witness sworn in his own behalf. At the close of the testimony in each case the defendant moved to dismiss the complaint, which was denied, and the defendant offered no testimony, but rested, and thereafter the court rendered judgments for the defendant.

The plaintiffs claim that these cases come well within the decisions of this court in the Lewis, Kappas, and Madden Cases, reported in 50 Misc. Rep. 534, 99 N. Y. Supp. 322, in 50 Misc. Rep. 536, 99 N. Y. Supp. 322, and in 50 Misc. Rep. 555, 99 N. Y. Supp. 320, respectively; and plaintiffs ask for a reversal on that ground. We differ with this contention, and think that the cases above mentioned are clearly distinguishable from the cases at bar. There is no rule of law more plain or oftener invoked than that which declares that the credibility of a witness is to be determined by those whose duty it is to weigh it, whether it be a court or a jury; and this right is not to be taken away from the trial court, nor curtailed in the slightest degree, by an appellate tribunal. In a case where the right to recover rests wholly upon the unsupported testimony of a party whose interest in the result is patent, it is sometimes extremely difficult to determine where the truth lies. In such a case the trial court has the benefit of an observance of the demeanor of a witness and his manner of giving testimony which is not available to an appellate court, and such observation is often a valuable aid in arriving at the truth of the testimony given. In connection with the observance of the witness and his appearance upon the stand, the court must also take into account the probability of the occurrence narrated by him, and whether it is consistent with the known course of nature, or with the operation of the common principles by which the conduct of mankind is usually governed, and also the consistency, character, independence, and situation of the witness and the collateral circumstances which tend to contradict or confirm his statements.

Where, as in the Lewis Case and the others cited above, the testimony given is uncontradicted and falls within the rules there laid down, the court cannot arbitrarily disregard the testimony, even though it be given by a party and is uncorroborated. A different situation however appears in the cases at bar. The plaintiffs testified that they boarded a north-bound Madison Avenue car at 106th street. They made somewhat contradictory statements as to their destination, at first testifying that they were going to a drug store on Eighth avenue, and subsequently testifying that they had relatives at 109 West 114th street between Lenox and St. Nicholas avenues, whom they were going to visit. They claimed to have ridden to 116th street, waited there for a west-bound car, and that, boarding that, they rode to Eighth avenue, intending to go to 114th street as aforesaid. The court can take judicial notice of the direction and location of the streets and avenues in this city (Skelly v. N. Y. El. R. Co., 7 Misc. Rep. 88, 27 N. Y. Supp. 304, affirmed 148 N. Y. 747, 43 N. E. 989), and it can readily be seen that, by leaving the Madison Avenue car at 114th street, the plaintiffs could have reached the home of their relatives by a walk of but little, if any, over 2 blocks, while, if their

statement is true, they rode northerly 10 blocks, then westerly 4 blocks, reaching a point from which they must then have walked nearly 4 blocks in order to reach their destination. In other words, they traveled a distance of 18 blocks, when they could have reached their destination by going 10 blocks only. This statement alone contains evidence of inherent improbability.

It is also to be noted that over two years elapsed between the date of the alleged refusal to give transfer and the bringing of the action, and this fact may also be taken into consideration as a factor in arriving at a proper conclusion. Muller v. Vesell (Sup.) 101 N. Y. Supp. 1064. While, possibly, none of these facts, standing alone, would be of sufficient importance to warrant the conclusion that the plaintiffs' testimony was not credible, nevertheless the court below had a right to consider them all, and, taken together, they might well have led the court to disbelieve the plaintiffs' testimony; and we must hold that under all the facts and circumstances disclosed by the record the court was amply justified in giving the judgments rendered by him.

Judgments affirmed, with costs. All concur.