# COURT OF APPEALS,

## March 8, 1912.

## THE PEOPLE v. LAWRENCE FERRONE.

### (204 N. Y. 551.)

(1.) TRIAL—EVIDENCE—ORDER OF PROOF.

The rule is well established that a trial judge may exercise his discretion in regulating the order in which evidence shall be produced, in permitting the examination of witnesses out of the natural order, in allowing the recall of witnesses and in relieving a party from his error and default in not calling a witness at the proper time.

(2.) SAME—REOPENING CASE.

In a criminal trial, after the case has been finally submitted to the jury, and either before or after their retirement, the trial court may, in its discretion and under proper circumstances and conditions, reopen the case for the purpose of permitting additional evidence to be introduced on an essential point.

(3.) SAME—RECALLING WITNESS—EXAMINATION BY JURY.

Upon the trial of a defendant charged with abducting a female under the age of consent, important evidence on the essential fact of the complainant's age was given by her mother, who was ignorant and confused. After the jury had been charged and had retired they returned, and, on the request of one of the number, the mother was recalled for further examination on this subject. This examination was largely conducted by members of the jury, although the court and the prosecuting attorney did ask some questions. The defendant's attorney was not denied the right of subsequent cross-examination, but expressly disclaimed any desire therefor, nor did he request the privilege of commenting on the additional evidence before the jury retired again. *Held*, that the action of the trial judge in admitting such evidence was within his discretion; that no reversible error was committed thereby, and that the judgment of conviction should be affirmed.

*People* v. *Ferrone*,—App. Div.—,affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered De-

cember 29, 1911, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York, rendered upon a verdict convicting the defendant of the crime of abduction.

The facts, so far as material, are stated in the opinion.

*J. E. Brande* and *Joseph Weber*, for appellant. The court committed error in reopening the case after submitting it to the jury. (Code Crim. Pro. § 388; People v. De Mott, 1 Wheeler's Crim. Cas. 227; People v. Benham, 160 N. Y. 436; Hogan v. Bd. of Education, 200 N. Y. 370.)

*Charles S. Whitman,* District Attorney (*Robert C. Taylor* of counsel), for respondent. The reception of additional evidence after the case had been submitted to the jury was discretionary. (People v. Leighton, 88 N. Y. 117; People v. Koerner, 154 N. Y. 355; Comm. v. Ricketson, 46 Mass. 412; People v. Reilly, 49 App. Div. 218.)

HISCOCK, J.:

The appellant was convicted of the crime of abducting one Jennie Perdock for immoral purposes. The only question which we deem it necessary to discuss is one springing out of the procedure followed on the trial. Important evidence on the essential fact of the complainant's age was given by her mother, who was evidently ignorant and confused. After the jury had been charged and had retired they returned, and on the request of one of their number the mother was recalled to the stand for further examination on this subject. This examination was largely conducted by members of the jury, although the court and the prosecuting attorney did ask some questions. The counsel for the appellant was not denied the right of subsequent cross-examination, he expressly disclaiming

4

any desire therefor, nor did he request the privilege of commenting on the additional evidence before the jury retired again.

There is some doubt whether sufficient objection and exception were made and taken to this proceeding to raise the question now argued, but we shall assume that there were and discuss on the merits the proposition urged by the appellant that this examination was unauthorized and legal error. Of course, if it rested in the discretion of the trial judge, no complaint can be effectively made in this court because the discretion was exercised in favor of allowing it.

We think that no reversible error was committed. The wide discretion of a trial judge in regulating the order in which evidence shall be produced, in permitting the examination of witnesses out of the natural order, in allowing the recall of witnesses and in relieving a party from his error and default in not calling a witness at the proper time is so well established that no authorities need be cited.

Proceeding along these lines it has already been determined in this State that in a criminal trial after the case has been finally submitted to the jury and before their retirement the trial may be reopened for the purpose of permitting evidence to be introduced on an essential point which had been overlooked. (People v. Reilly, 49 App. Div. 218; affirmed without opinion, 164 N. Y. 600.)

This being the established law, I am unable to find any authority or principle which would justify us in holding that because the action had proceeded a little further and the jury had passed out of the room or even entered upon the consideration of the case, the discretionary power of the court would cease and that it would be unable to recall the jury for the purpose of taking further evidence. It seems to me that in order thus to hold we should have to draw an arbitrary rather than a logical distinction. It is obvious that such a practice is not to be encouraged or lightly pursued, but I think it cannot

be held as matter of law that the court on proper facts may not exercise its discretion and permit additional evidence to be taken even after the jury has retired.

Appellant's contention to the contrary is mainly founded on section 388 of the Code of Criminal Procedure, which prescribes the order to be followed in a criminal trial and enacts that, " 4. When the evidence is concluded, unless the case is submitted to the jury on either side, or on both sides, without argument, the defendant or his counsel must commence, and the counsel for the people conclude the argument to the jury:

" 5. The court must then charge the jury."

This section does not sustain the contention.

In People v. Koerner (154 N. Y. 355, 368), where the appellant, relying as in this case on section 388 of the Criminal Code, argued that error had been committed because after the defendant had rested the prosecution was permitted to introduce important evidence by two witnesses, and which evidence concededly should have been introduced as part of the People's case in chief, it was said: " The provisions of section 388 are a mere formulation of the rules which previously existed in regard to the order of proof in civil and criminal cases. But it has always been regarded as within the discretion of the court to vary those rules. That in this case the learned judge was authorized to exercise his discretion upon the question whether the evidence of these witnesses should be admitted at that stage of the trial, there is no doubt, and unless his discretion was abused it constitutes no error." That case being one of murder in the first degree this court had the power to review discretionary acts.

Some reliance is also placed on what was said by this court in People v. Benham (160 N. Y. 402, 436, 437). There again evidence had been introduced by the People out of order, and it was claimed that this constituted reversible error. The court said, referring to section 388: " It will thus be seen that

the Code clearly points out the order in which the trial must proceed, and that it expressly gives to the court the power, in its discretion in furtherance of justice, to permit evidence to be received out of its order and upon the original case even after a party has rested, if it is before the case is finally submitted." The evidence there criticised had been introduced before the case was finally submitted, and, therefore, all that it was necessary to hold was that that was proper. The court was not called on to decide, and did not decide, the question now presented to us.

The precise question here involved was considered by the court in Commonwealth v. Ricketson (46 Mass. 412) and the court in overruling an objection similar to that now urged by the appellant, said: " An objection was taken to the course of the judge at the trial in admitting testimony after the jury had been out. We think it was a matter depending wholly upon the discretion of the court. The order of receiving evidence is adopted for convenience, and may be varied according to particular circumstances."

Accordingly, I think the objection should be disregarded and the judgment affirmed.

CULLEN, CH. J., GRAY, HAIGHT, VANN, WERNER and COL-LIN, JJ., concur.

Judgment of conviction affirmed.