THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN E. LINSKY, Defendant.

Police Court, Village of Johnson City, October 25, 1951.

*Nathaniel L. Goldstein, Attorney-General (Frank S. Pantalone* of counsel), for plaintiff.

*Charles D. Keane* for defendant.

BELLEW, J. The defendant was arrested on a warrant duly issued on an information charging the above-named defendant with a violation of section 70 of the General Business Law of the State of New York, and particularly that he was a person who engaged in the business of a private detective for hire and reward in connection with securing information concerning the character and background of a female person.

The information charged defendant with one isolated act alleged to have occurred on the 15th day of January, 1951.

The witnesses produced by the People testified that on January 15, 1951, the defendant conversed with them in the village of Johnson City, New York, concerning the background, character and reputation of one of their coemployees. One of the witnesses testified that the defendant at such time, stated to him that he was investigating such female person, calling her by name, and that he wanted to know about her background and her character.

A further witness for the People, J. Carroll Hamlin, a senior license investigator of the Department of State of the State of New York, testified that as a result of a complaint received in February, 1951, he had discussed the matter with the defendant, and that the defendant had admitted to him that on January 15, 1951, he did make an investigation concerning the character and background of a female person in the village of Johnson City, New York.

The defendant had previously been licensed as a private detective, but his license in this connection had expired in November of 1950.

The People offered in evidence a negative certificate duly issued by the Department of State showing that no license was held by the defendant at the time of the investigation complained of herein.

The People offered no further or other proof, and at the close of its case, the defendant made the following motions for dismissal of the complaint and discharge of the defendant, each of which will be dealt with separately:

1. That the People had failed to prove the jurisdiction of this court, viz., that the People had failed to prove that the alleged offense had occurred in the village of Johnson City, County of Broome and State of New York.

In connection with this motion, the People were permitted to reopen and supply this essential and necessary element. (*People* v. *Ferrone*, 204 N. Y. 551; *People* v. *Allen*, 64 N. Y. S. 2d 666.)

2. That the People had wholly failed to prove that the defendant had violated any provision of section 70 of the General Business Law and that there was an absolute failure of proof that the defendant was paid or received any reward for the investigation conducted.

Such requirement in prosecutions of this kind is not required by reason of section 86 of the General Business Law holding that commission of any act set forth in section 70 shall be presumed to have been done for fee, compensation or reward.

3. That the People wholly failed to show by any evidence that the defendant had held himself out as a private detective.

Defendant's contention in this connection is disposed of by reference to section 71 of the General Business Law which reads in part as follows: "1. ' Private detective business ' shall mean and include the business of private detective * * * and include, separately or collectively, the making for hire, reward or for any consideration whatsoever, of any investigation, or investigations for the purpose of obtaining information with reference to any of the following matters, * * * reputation or character of any person ".

4. That the People had wholly failed to prove that the defendant was engaged in business and that one isolated act of investigation was not sufficient to constitute a violation of the section of the General Business Law, the alleged violation of which the defendant was held to answer.

In urging this latter point the defendant placed great reliance on *Fox* v. *Smith* (197 N. Y. 527), and undoubtedly, prior to May 12, 1934, the principle enunciated in the *Fox* case (*supra*) would have been sufficient authority to grant defendant's motion to dismiss the complaint. However, attention is invited to the Annual Report of the Secretary of State submitted to the Governor and Legislature (N. Y. Legis. Doc., 1934, No. 31) where the Secretary of State at page 32 stated: "The statute regulating the private detective business (Article 7 of the General Business Law) should be generally revised. As it stands, many of its provisions are vague and ineffective, for which reason it is exceedingly difficult to enforce efficiently in the interest of the public. The department has encountered considerable and seemingly insuperable difficulty in the attempt to punish those persons who engage in private detective and investigative work without having first procured the necessary license. As a rule, evidence of one violation only is obtainable but is insufficient for the purpose of obtaining a conviction since the violator circumvents the statute by setting up the decision of the Court of Appeals in the case of *Fox* v. *Smith* which is reported in 197 N. Y. Reports 527. \* \* \* To remedy this situation, it is recommended that Article 7 be amended so that the commission of a single act prohibited by this article should constitute a violation thereof."

This recommendation was made on February 1, 1934, and on May 12, 1934, the Governor signed a bill which is contained in chapter 569 of the Laws of 1934 which followed this recommendation and made it law. This statute, insofar as it affects the case at bar, is as follows: "The commission of a single act prohibited by this article is considered a violation thereof." (General Business Law, § 83.)

Thus, it appears by this legislative enactment in 1934, article 7 of the General Business Law of the State of New York, as amended, nullified the decision of the Court of Appeals in *Fox* v. *Smith* (*supra*).

In the case at bar, the defendant did not take the stand and testify in his own behalf but rested solely on the proof offered by the People.

Accordingly, this court holds that the commission of a single act of investigation prohibited by article 7 of the General Business Law embracing section 70 thereof is sufficient to constitute a violation thereof.

In accordance with this decision, the defendant is found guilty of having violated section 70 of the General Business Law on January 15, 1951.

The defendant is to be produced in this court on Thursday, November 1, 1951, at 10:00 o'clock in the forenoon, at which time sentence will be pronounced.