■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT EPPS, Appellant.— Judgment rendered on June 22, 1962, convicting defendant of grand larceny, second degree, and of four counts of petit larceny, and sentencing defendant to State prison for a term of two years and six months to five years on the grand larceny count, and to the New York City Penitentiary for one year on each of the four petit larceny counts, the sentences on the petit larceny counts to run concurrently with each other but consecutive to the grand larceny sentence, unanimously modified to the extent of directing that the sentences on the petit larceny counts are to run concurrently with the State prison sentence on the grand larceny count, and as so modified the judgment is affirmed. That part of the appeal which is from 19 citations of contempt during the course of the trial, is dismissed. Where a contempt is committed in the immediate view and presence of the court and is punished summarily, review must be had under article 78 of the Civil Practice Law and Rules (formerly Civ. Prac. Act, art. 78) and not by appeal. (Judiciary Law, § 755; *Matter of Goodman* v. *Sala*, 268 App. Div. 826, app. dsmd. 293 N. Y. 761.) We have examined appellant's assignments of error as to the larceny convictions and find that no prejudicial error was committed requiring a new trial. However, appellant's contention regarding the manner by which fingerprint cards, containing defendant's signature, were permitted to be inspected by the jury requires further comment. Two cards, signed by defendant in the presence of police officers, were admitted into evidence to provide . a basis for expert testimony for comparison with the signatures

on the bad checks defendant was charged with having uttered. Everything on those cards, except defendant's signature, was covered by paper or · cardboard stapled to the cards. Appellant urges that slight pressure exerted on the sides of the cards would raise the covering paper and cardboard so as to reveal the matter intended to be obscured by the covering. Whether the shielded matters were thus viewed by the jurors is, as appellant admits, purely speculative. There is no proof that the jury disregarded their legal duty to consider only the evidence of the signature and took an unauthorized glance at the hidden portions of the cards. Pure speculation as to a possibility that the jurors could have done so is not sufficient ground for disturbing the conviction. It should be noted that defendant took the stand on his own behalf, thereby opening the door to inquiries about his past record. There was no request by the appellant that the court admonish the jury specifically as to the said exhibits. In fact, all parties expressly stipulated at the close of the trial that the jury be permitted to take all exhibits to the jury room, with full knowledge of the stapled condition of the two cards in question. Nevertheless, as a guide for future cases, we suggest that it would be appropriate where exhibits are offered which contain material intended to be concealed from the eyes of the jury, that a more effective method of occlusion be adopted so that the incompetent portion cannot possibly be seen. Appeal from order entered on November 19, 1962, discharging appellant on his own recognizance, on an indictment charging malicious mischief, unanimously dismissed as moot, the indictment having been dismissed on March 20, 1964. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.