■ JOSEPH MARINELLO, Appellant, v. NICHOLAS IOZZO et al., Defendants, and VITALE N. PAGANELLI et al., Respondents.— In an action in which the amended complaint purports to set forth causes of action for conspiracy to injure plaintiff and for fraud, plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 14, 1965, which *inter alia* granted the motions of defendants-respondents to dismiss the two causes of action for insufficiency (CPLR 3211, subd. [a], par. 7). Order modified by adding a fifth decretal paragraph to the effect that the granting of the motions is without prejudice to the commencement by plaintiff, if he be so advised, of a new action solely as against the defendant David Gilberg for recovery of the $100 fee received by said defendant. As so modified, order affirmed, without costs. It appears that plaintiff might have a cause of action against defendant Gilberg based on the latter's failure to appear in court in the criminal prosecution against the defendant Michael Frieary on the day that such prosecution was dismissed. Plaintiff had retained Gilberg as his attorney in that prosecution and had paid him $100. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUAN GONZALEZ, Also Known as PABLO GONZALEZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered February 21, 1964 after a jury trial, convicting him of the felonious sale of narcotics and the possession of narcotics as a misdemeanor, and imposing sentence. Judgment reversed on the law, and new trial ordered. The findings of fact implicit in the jury's verdict are affirmed. On this record, it is our opinion that the reopening of the case for further proof, after the jury had been deliberating for over three hours, coupled with the manner in which the reopened trial was conducted, constituted an improvident exercise of discretion by the trial court (cf. *People* v. *Ferrone,* 204 N. Y. 551), and that the effect of this procedure was a deprivation of defendant's right to a fair trial. Moreover, it was error to allow the prosecutor to tell the jury in his opening and summation, over objection, that the police had had defendant under observation for several days prior to the transaction that led to his arrest, and to allow a police officer to testify to that effect, similarly over objection (see *People* v. *Penner,* 283 App. Div. 731). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN FRANCIS PETERS, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered January 4, 1965 on a plea of guilty, convicting him of the unlawful possession of burglar's instruments as a misdemeanor (Penal Law, § 408) and imposing sentence. The defendant also appeals "from each and every intermediate order therein made." Judgment affirmed. No opinion. No separate appeal lies from the intermediate order which has been reviewed on the appeal from the judgment of conviction. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.