Robert P. Kennedy, J.
This appeal from a conviction for operating a motor vehicle while in an intoxicated condition, had after trial by jury in town court, Town of Farmington, presents several alleged errors for consideration. All except two are without merit and will not be discussed.
The first claimed error to be discussed is the allegation that the town court was without jurisdiction to try the matter in that it was not shown at the trial that the offense was committed in the Town of Farmington, County of Ontario.
It is true that a reading of the record fails to show any witness who testified in so many words that defendant’s actions were committed in that town and county; however, the arresting officer did testify that he first saw defendant on the date in question when he was about 500 feet from the intersection of Route 332 and the Boughton Hill Road or County Road 41 ‘1 whichever you want to call it ’ ’, that he followed defendant for about a half a mile and made a left turn onto the Michigan Road and that right after he made his turn, he stopped.
A look at a map of Ontario County shows that this intersection and roads mentioned are all in the Town of Farmington, Ontario County.
An appellate court may take judicial notice of facts not proven on the trial whether it be for affirmance or reversal of a judgment. (Hunter v. New York O. & W. R. R. Co., 116 N. Y. 615.)
*205 Judicial notice may be taken of geographical facts and the locations of streets. (Gruber v. New York City Ry. Co., 53 Misc. 322.) On this ground, therefore, the appellant must fail.
A more difficult question arises in regard to the second alleged error to be touched upon. During the trial, the arresting officer testified that after arresting defendant, he took him to the station “for further processing ”, to “check him through the blotter and log physical report and to take him to the justice that is available ”.
The defendant testified that he was not taken to the trooper’s barracks at all on the date in question, that he was taken directly from the place of his arrest to the town Judge and then to jail. After summations and the charge of the court, the jury retired to begin their deliberations. A half an hour later they were returned to the courtroom and the following took place:
“ (The jury returned at 1:20 a.m. and the following occurred.)
“ the court : Did you have a question?
“ juror no. 1: We wonder, if on the record at the Troop E Barracks, whether Mr. Humphreys is being charged there with this? If it’s on the State Police record.
“ mr. harvey: On the blotter you mean?
“ the court: Yes, it is but it is not in evidence.
“ mr. levy: We can’t state —
‘ ‘ mr. harvey : We can get it. The jury can request it.
11 mr. levy : All right, if you want to do it go ahead.
“ juror no. 6: If you say it’s on the blotter we will take your word for it.
“ the court: Have you reached a decision?
“ juror no. 3: No, not yet. We was wondering if there was a record on the blotter.
“ mr. harvey: Trooper Bauber, can you get it?
“ mr. levy: Just a minute. I object to this now. The proof is closed.
“ mr. harvey : Not at all.
‘ ‘ mr. levy : I am doing this for the record.
‘ ‘ mr. harvey : Pine. Sure.
“ mr. levy: I do object to it.
“ the court : Well, I will deny the objection.
‘ ‘ mr. levy : All right. Exception.
“ mr. harvey: I suggest we do go get the record, Your Honor. ‘ ‘ trooper rauber : I can get. This might cause a little difficulty because old records are kept in the quartermaster’s room. I can get it.
“ the court : Do you request that record?
*206 “ juror no. 6: I don’t think it’s necessary as long as they say it’s there.
“ (The jury then retired again at 1:24.) ”
The appellant claims it was reversible error to allow the jury to receive additional evidence after the close of proof, summations, charge, and the entering of the jury on their deliberations. Our law says that such is not the case. It’s true that section 388 of the Code of Criminal Procedure sets out the order in which a trial is to proceed, but this order of trial is not inflexible and every deviation from it will not constitute reversible error.
People v. Ferrone (204 N. Y. 551) presented a similar situation. After the jury had been charged and retired, they returned and on the request of one of their number the mother of the victim was recalled to the stand for further questioning which was conducted largely by members of the jury, although the court and prosecuting attorney did ask some questions. The Court of Appeals held that this did not constitute reversible error. It stated (p. 553) that “ It is obvious that such a practice is not to be encouraged or ligthly pursued, but I think it cannot be held as matter of law that the court on proper facts may not exercise its discretion and permit additional evidence to be taken even after the jury has retired ’ ’.
While this case was decided in 1912, its sound reasoning is as applicable today as it was when first decided. The distinction between Ferrone and the instant case, a distinction which requires reversal, is that in Ferrone a witness was returned to the stand and testified- — -gave evidence. In the present case it appears from the record that, although the trooper who had previously been sworn had something to say, the Assistant District Attorney also responded to the juror’s questions. He, of course, was not sworn. Evidence is defined in Dibble v. Dimick (143 N. Y. 549) as being all the means by which an alleged fact is established or disproved. Testimony, which is evidence, is the oral statement of a witness made under oath. The Judge correctly stated that the blotter was not in evidence, but the jury, after the assistant said that he could get it, said they would take his word for it and, after a discussion in the jury’s presence between the assistant and the trooper, the juror said he didn’t think it was necessary “ as long as they say it’s there ”.
It is impossible to determine and dangerous to speculate as to what prompts a juror’s question, but it would appear from the record here that whether or not defendant had been taken *207 to the troopers’ barracks was being considered by the jury on the issue of whom they were to believe, the trooper or the defendant.
Since their testimony was contradictory on several important issues, we can’t say that this unsworn “testimony”, dealing as it appears to have with the issue of credibility, was unimportant and its reception in the case harmless error. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction (Fahy v. Connecticut, 375 U. S. 85). There arises from the record the view that there is such a possibility here.
For the reasons set forth herein the judgment and conviction appealed from is reversed on the law and a new trial in the town court, Town of Farmington, is ordered.