Carrol S. Walsh, J.
This is an appeal by the defendant from a judgment of conviction, after a jury trial in the Justice Court of the Town of Broadalbin, convicting defendant of violating section 410 of the Vehicle and Traffic Law, for which he was fined the sum of $50 and which he paid.
Defendant appeals on the grounds that the People failed to produce evidence sufficient to make out a prima facie case and to prove, beyond a reasonable doubt, that the area on which the defendant was operating an alleged unregistered snowmobile was a public highway; that the verdict of the jury was against the weight of the evidence; and that the court committed errors in its rulings on objections and in its charge to the jury.
On January 3,1970, at about 12:30 in the morning, the defendant was operating a snowmobile on an area adjoining the paved portion of the State highway designated as Route 29, in the Town of Broadalbin, Fulton County. A companion on another snowmobile was accompanying him. Two State policemen in a *570 State police car stopped the defendant and his companion and when the defendant was nnable to produce a registration for the snowmobile being operated by him, he was issued a ticket charging him with violation of section 410 of the Vehicle and Traffic Law, which provided that no snowmobile shall be operated or travel upon the public highways of this State without "first being registered. The question is whether or not the defendant was operating the snowmobile on a public highway.
Defendant submits that the People failed to prove that the area on which defendant was operating the snowmobile was a public highway. A reading of the minutes of the trial discloses that no proof or evidence was submitted by the People showing the location of the boundary line of the right of way owned by the State in the immediate location where the defendant was apprehended. Only one of the officers testified at the trial and he testified he observed both snowmobiles being operated on what he referred to as the shoulder of the road, describing it as an area immediately adjacent to the paved portion and located between the paved portion and the guard rails. The defendant and the operator of the other snowmobile both testified that they were operating the snowmobile on what they referred to as the shoulder of the road, the same area described by the officer. At the time the officer first observed the two snowmobiles, they were proceeding in an easterly direction, but after the police car overtook the snowmobiles, the officer testified that the defendant operated his snowmobile across the highway and then proceeded in a westerly, or opposite, direction. The defendant admitted that he had been proceeding in an easterly direction and after the arrival of the police car he proceeded in a westerly direction, but that in going across the highway he had removed himself from the snowmobile and pulled it across the highway. At the request of the District Attorney, the court charged that the shoulder of the highway is part of the highway and may be used for travel, to which defense counsel objected. The court refused to charge defense counsel’s request “ that the shoulder of a road of a State road is that area where it is proved by highway markers and by proper maps and surveyors’ instruments as to where State ownership begins and ends.” The court refused to so charge.
Section 118 of the Vehicle and Traffic Law, applicable at the time of this incident, defines highway as the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular traffic. This would include the shoulder of the road *571 as part óf the highway and this has been so held in LaRue v. Tiernan (260 App. Div. 337, affd. 285 N. Y. 550); Darling v. Village of Herkimer (11 Misc 2d 593), and Waterfall v. Taylor (35 A D 2d 619). Therefore, if defendant had been operating the snowmobile on the shoulder of the highway known as State Route 29, within the boundaries of the State right of way, without having first registered the snowmobile, he would be in violation of the law. The real question, then, is whether, in the absence of proof at the trial as to the location of the limits of the State boundary lines, the People have failed to prove beyond a reasonable doubt that the defendant was on the public highway and therefore violated the applicable law.
The People argue that the court, even an appellate court for the first time in a case, may take judicial notice of certain facts and matters of public record, including public records of the location of highway lines as filed in the proper State office and in the County Clerk’s office of the county wherein the highway lies. Judicial notice is knowledge which a court takes of a matter without evidence having been introduced to establish it. An appellate court may, in its discretion, take judicial notice for the first time on appeal of a fact or of law. An appellate court may take judicial notice of facts not proven on the trial whether it be for affirmance or reversal of a judgment. (Hunter v. New York, O. & W. R. R. Co., 116 N. Y. 615; People v. Humphreys, 62 Misc 2d 203.) Judicial notice may be taken of geographical facts and the location of streets (Gruber v. New York City Ry. Co., 53 Misc. 322) and of public records. (Hunter v. New York, O. & W. R. R. Co., supra; Matter of Sunhill Water Corp. v. Water Resources Comm., 32 A D 2d 1006; Associated Gen. Contrs. v. Lapardo Bros., 43 Mise 2d 825.) The effect of the use of the doctrine of judicial notice is to excuse the party having the burden of establishing the fact from the necessity of producing any proof of that fact by sworn witnesses or authenticated documents. Whether courts will take judicial notice of matters of fact depends on the nature of the subject, the issue involved and the apparent justice of the case. The rule that permits a court to do so is of practical value in the law of appeal. In such case judicial notice may be taken of facts which are a part of the general knowledge of the area, and which are generally known and have been duly authenticated in repositories of fact open to all, and especially só of facts of official, scientific or historical character. (Hunter v. New York, O. & W. R. R. Co., supra.)
*572 In justice and fairness, it does not seem reasonable that this court should be called upon to ignore the existence of a fact, which is a matter of public and official record, solely because such record and evidence of the certainty of the fact, so easily accessible and available, were not produced at the trial. The request by the People that this court take judicial notice of the location of the State highway boundaries for the first time on appeal is timely made and this court is empowered and authorized to take such judicial notice.
The People referred to the record of the official maps and records oh file in the Fulton County Clerk’s office, showing the location of the boundaries of State Highway Route 29 at the point and in the area where the defendant was apprehended; and the court has examined these maps and records, and finds that the area immediately adjacent to the paved portion of the highway, and which constituted the shoulder, is of sufficient width, and well within the boundaries of the highway. This court does take judicial notice of the location of the boundary lines of the specific State highway, without the necessity of the People being required to submit proof of same at the trial. Therefore, the defendant must fail as to his ground that the People failed in their proof that he was on a public highway.
As to the defendant’s other contentions of error, we find no merit in them. On this record as a whole, we do not find any substantial error on the part of the court nor any errors which would substantially or materially prejudice the defendant or his rights. We cannot say on the record before us that the verdict of the jury was against the weight of the evidence, and we hold that there was no error in the court’s charge that the shoulder of the highway is part of the highway and may be used for travel.
The judgment of conviction is affirmed.