OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The court did not err in refusing to allow defense counsel to cross-examine a prosecution witness by holding a lineup in court with the defendant’s brothers participating.
 

 The defendant also claims that the court improperly denied a request made by a juror during deliberations. The record shows that at one point the jury returned with a written request for, among other things, "The police report taken on the night of the incident”. The court properly denied that request on the ground that the police report had not been admitted into evidence. After complying with another request, the court asked the jury if there was anything else that they wanted before resuming deliberations. The record then reads as follows:
 

 
 *899
 
 "JUROR NUMBER TEN: The police report. We can’t—
 

 "THE COURT: No, sir. You cannot have anything which is not in evidence. Those are our rules of evidence.
 

 "JUROR NUMBER TEN: This is really something that was mentioned.
 

 "THE COURT: Sir, please. The best that I can tell you, at this point, is that you cannot have that which is not in evidence and the police report is not in evidence.
 

 "JUROR NUMBER TEN: The reason that I mention that—
 

 "THE COURT: Please, don’t tell me the reason, sir, please. You can only discuss the evidence. You cannot have that which is not in evidence. Okay, is there anything else? Thank you.”
 

 The defendant now claims that the court misinterpreted the juror’s request because it is "clear that juror number ten was interested in reviewing testimony” of the police officer and was not simply seeking to justify the earlier request for the police report. We nóte, however, that defense counsel did not take that position at trial. Indeed it appears that he too interpreted the request as the court did and instead urged that the court "should have
 
 volunteered
 
 to have offered to this jury, a reading by the stenographer of any testimony concerning the police report” (emphasis added). The court was not obliged to accept this invitation, nor did it err in refusing to permit the juror to submit arguments in support of the earlier request which had been denied.
 

 We also note that later in the trial the jury made a written request to have the officer’s testimony read back to them and after the court had read a substantial portion of that testimony, the jury indicated that they had heard enough. Thus it is clear that the jury understood the proper procedure for requesting the reading of trial testimony. In addition, defendant should not be heard to complain that the jury was denied access to any portion of the police officer’s testimony when the jury itself indicated the contrary.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.