OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
During defendant’s trial, the court ruled that the victim’s address should not be disclosed to the jury. Defense counsel made no objection to this ruling. After deliberating for two hours, the jury requested that it be supplied with the “area” of the victim’s residence, but the Trial Judge refused to reopen the case to admit any additional proof.
On the record before us, we cannot say that the trial court abused its discretion as a matter of law by refusing to provide the jury with the location of the victim’s residence. This additional information, at best, related to that witness’ credibility. Furthermore, allowing this proof into evidence for the first time after the jury had entered into deliberations could have led to further disruptions of the progress of the trial. Finally, the record indicates that the victim’s residence originally was not disclosed at trial because he feared for the safety of his family. Under the circumstances, the trial court acted within its discretion in denying the jury’s request for additional evidence. (See People v Olsen, 34 NY2d 349; People v Ferrone, 204 NY 551.)
We have examined defendant’s remaining contention and have found it to be without merit.