OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with two counts of murder, second degree, two counts of robbery, first degree, and one count of grand larceny, third degree, as a result of a stabbing, admitted by the defendant, and a theft, denied by the defendant. The defendant claimed the victim attempted to assault her with a knife and she retaliated with her knife to defend herself. A closed knife was found at the scene, but no connection between the knife and the crimes was established. The defendant argued this knife belonged to the victim, and she testified that she had discarded her knife; that knife was never found.
The clothing worn by the victim at the time of the homicide was offered by the People and received into evidence without objection. No significant testimony concerning this clothing was elicited from the police technician. During deliberations the jury discovered a small retractable knife in a closed position in the pants pocket of the victim and inquired as to its importance. (The prosecutor later ascertained that this knife belonged to the vie *314 tim’s family and pursuant to his constitutional duty conceded this in open court to the defense prior to the jury’s verdict.) This court responded to this startling revelation in the manner described below, and the trial subsequently concluded with a verdict of guilty of manslaughter, first degree, and grand larceny, first degree.
Because the situation in which a jury is the first party to find exhibit evidence is apparently unique in this State, it seems appropriate that the procedure devised by this court be explained.
The ruling was made (1) that the retractable knife would be marked as a court exhibit and received into evidence, (2) that the jury would be instructed to consider this exhibit pursuant to the same instructions that it had been given pertaining to the exhibits previously received in the conventional manner, (3) that either side could submit additional testimony in regard to this exhibit, and (4) that either side could reargue its summation concerning this exhibit.
Each element of this ruling will be examined seriatim.
(1) The ruling that the knife would be received as an exhibit.
Although this may be the first time in the history of this State’s jurisprudence that a jury was responsible for the introduction of an exhibit, this is not the first time a jury found information on an exhibit not referred to by either side during the trial. In People v McCullough (73 AD2d 310, opp dsmd 50 NY2d 1003), in an effort to establish that defendant was the “Na” who the victim stated had shot him, the People introduced an address book into evidence found in the victim’s apartment. The testimony at trial was that there were only three “Na’s” listed in the book, one listing a telephone number for defendant’s girlfriend, one listing a telephone number for defendant’s mother, and the third listing two telephone numbers, one for defendant’s mother and one belonging to a Dominga Rivera. In addition, the victim’s mother testified that defendant was the only person her son knew as “Na.” During their deliberations, however, the jury discovered a fourth listing for “Na” in the address book, which was unexplained by either side, and which bore no relationship to the first three listings *315 under “Na.” On appeal, the court did not even address the propriety of the jury’s consideration of this fourth entry under “Na”, but instead reversed the conviction only because of the trial court’s erroneous instructions concerning the effect of the fourth entry upon the sufficiency of the evidence against defendant. Thus, McCullough indirectly sanctioned the procedure of admitting such evidence to the jury to be considered along with the other evidence in the case.
(2) The jury would be reinstructed concerning the knife as an exhibit.
Upon the discovery of the said knife, the jury, via a note, informed the court of the same and inquired, “Is this important?” Such a request for information by a jury must be answered (People v Malloy, 55 NY2d 296; People v Jackson, 20 NY2d 440; People v Miller, 6 NY2d 152; People v Botteri, 50 AD2d 540). However, a court could commit reversible error if it does not answer the question propounded to it by the jury correctly (People v McCullough, supra). The court informed the jury in response to its inquiry that the knife had been admitted into evidence as court exhibit No. 1, and that it should be considered by the jury as any other exhibit that had been admitted into evidence previously. To further emphasize this instruction, the court repeated its original instructions regarding the value to be accorded the documentary evidence by the jury during its deliberations. The repetition of this instruction would seem to be in accord with the case law requiring that the jury be given prior instructions regarding the use of exhibits during their deliberations (see People v Kuss, 81 AD2d 427; People v Epps, 21 AD2d 650).
(3) Either side could submit additional testimony in regard to the knife.
Because of the apparent importance of the knife discovered by the jury to both sides, the court deemed it essential that each side be given an opportunity to submit additional evidence if it so desired. There is authority in this State for reopening a case to permit the introduction of additional evidence for good cause after a jury has commenced its deliberations (People v Behling, 54 NY2d 995; People v Pearce, 48 NY2d 897; People v Olsen, 34 NY2d 349; People *316 v Ferrone, 204 NY 551). This is a matter that rests within the sound discretion of the trial court (People v Behling, supra; People v Pearce, supra) and such conduct upon the part of the court will result in a reversal only when such discretion is improvidently exercised (People v Gonzalez, 24 AD2d 989). The prevailing view permits a trial court such discretionary power where an essential element has been overlooked or evidence newly discovered bears directly on the question of the defendant’s guilt or innocence (People v Olsen, supra; Ann., 87 ALR2d 849, and cases contained therein).
Since the defendant in this case claimed that she stabbed the victim because he was brandishing a sharp object that looked like a knife, it was felt that the knife found by the jury might be crucial to the defense. On the other hand, the fact that the knife was small, was found in a closed position, and was discovered in the victim’s pants pocket, might have had obvious bearing on the prosecution’s theory also. Therefore, it seemed this was a type of situation in which the court’s discretion should be invoked to permit additional evidence to be presented to the jury in this area alone. Both sides declined the court’s invitation in this regard, but it is manifest that any error was avoided by the court’s conduct.
(4) Either side could reargue its summation to the jury concerning the knife.
Again, because of the reasons stated above, it seemed equally important that both sides be given an opportunity to reargue to the jury concerning the admission of the knife found by the jury. There is also authority to support this proposition (People v Bell, 89 Misc 2d 224). However, again, for reasons best known to themselves, neither side availed itself of this opportunity after being invited to do so. In like manner, this procedure would seem to have prevented the commission of error.
Therefore, it is the conclusion of this court that the procedure described above is the proper response to the discovery of evidence for the first time by the jury during its deliberations.