■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BENJAMIN, Appellant.—Judgment of the Supreme Court, New York County (Franklin Weissberg, J.), rendered May 31, 1988, which convicted defendant, after a jury trial, of one count each of robbery in the first and second degrees, and criminal possession of a weapon in the second and third degrees, and sentenced him to concurrent prison terms of 9 to 18 years, 4 to 8 years (two terms) and 3 to 6 years, is unanimously affirmed.

There is no constitutional requirement that a defense-requested in-court lineup be conducted, as such request is addressed to the sound discretion of the court. *(Sims v Sullivan,* 867 F2d 142, 145 [2d Cir 1989]; *People v Pearce,* 48 NY2d 897 [1979]; *People v Grady,* 133 Misc 2d 211, 227 [Sup Ct, Bronx County 1986].)

We find that the trial court did not abuse its discretion in denying defendant's request to preclude the witness from making an in-court identification while defendant was seated at defense counsel's table or, in the alternative, to conduct an in-court identification while he sat among a group of people in the audience. The reliability of the complaining witness's

identification testimony concerning defendant was never sufficiently cast into doubt. The witness's out-of-court identification was spontaneous and in no way tainted by police action. Moreover, the witness's in-court identification was based on his ability to view defendant for several minutes and in good lighting during the robbery and flight therefrom from a short distance away. *(See, People v Perez,* 139 AD2d 460 [1st Dept 1988], *affd* 74 NY2d 637 [1989].) Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.