■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WEBB, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J.), rendered on June 2, 1988, which following a jury trial, convicted defendant of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree and summarily held defendant in criminal contempt pursuant to Judiciary Law §§ 750 and 755 and sentenced him, as a second felony offender, to an indeterminate term of from 3½ to 7 years' imprisonment on the possession count, to an unconditional discharge on the unauthorized use of a vehicle count and to a consecutive 30-day imprisonment for criminal contempt, is unanimously affirmed.

Although a defendant who withdraws a guilty plea may request that he be tried before a different Judge, such person is not automatically entitled to have the Judge who accepted his guilty plea recuse himself from further proceedings absent one of the statutory bases for disqualification set forth in section 14 of the Judiciary Law. The trial court is, in the exercise of its "personal conscience", the "sole arbiter" of a claim that recusal is warranted *(People v Moreno,* 70 NY2d 403, 405; *Matter of Johnson v Hornblass,* 93 AD2d 732, 733). In the instant matter, the record reveals that the court acted within its discretion in denying the defendant's motion for recusal. Nor did the court, after deciding that it would allow inquiry into the underlying facts of the defendant's 1985 youthful offender adjudication for attempted robbery in the third degree, improperly refuse to issue a *Sandoval* ruling further setting forth the extent of permissible cross-examination as to that adjudication. Pursuant to *People v Sandoval* (34 NY2d 371), the court is required only to delineate the crimes which may be used for impeachment purposes *(People v Wilson,* 100 AD2d 690).

Equally lacking in merit is defendant's contention that the trial court committed reversible error by summarily holding the defendant in criminal contempt for verbally assaulting one of the court clerks. Contrary to defendant's assertions, the "[d]isorderly, contemptuous, or insolent behavior" did occur in the "immediate view and presence" of the court (Judiciary Law § 750 [A] [1]; § 755). Moreover, defendant was afforded a "reasonable opportunity to make a statement in his defense or in extenuation of his conduct", and he failed to offer a defense or justification prior to his being held in contempt (22 NYCRR 604.2 [a] [3]; *Matter of Rodriguez v Feinberg,* 40 NY2d 994; *Janousek v Janousek,* 108 AD2d 782). In any event, the

appropriate method of reviewing a summary adjudication of criminal contempt where the record is inadequate to permit review is by means of a CPLR article 78 proceeding (Judiciary Law § 752; *People v Epps,* 21 AD2d 650; *People v Sanders,* 58 AD2d 525). Defendant's remaining arguments were not preserved as a matter of law, and we therefore decline to reach them (CPL 470.05 [2]). However, even were we to consider these claims in the interest of justice, we would nonetheless affirm, finding them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.