■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN JACKSON, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered April 9, 1991, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The trial court promptly sustained defendant's objection to the prosecutor's question regarding whether defendant said "anything" when he was apprehended, and specifically instructed the jury to disregard the question and answer. As the trial court's curative action was both prompt and correct, and as it is presumed that the jury followed the court's instructions (People v Davis, 58 NY2d 1102, 1104), defendant's subsequent motion for a mistrial was properly denied (see, Hall v Potoker, 49 NY2d 501, 505-506).

Further, as a positive identification of defendant by the complainant was not anticipated (nor made) based upon the complainant's fleeting view of two males in his car after he had reported it stolen, the trial court appropriately exercised its discretion in denying defendant's motion that he be permitted either to sit in the audience, or be excused from the courtroom, during the complainant's testimony regarding his observation (see, People v Benjamin, 155 AD2d 375, lv denied

75 NY2d 867). In any event, defendant's concession that he was apprehended while driving the stolen automobile, taken together with the evidence of the damaged ignition switch and the high-speed chase, presented no real identification issue that might be affected by the complainant's testimony *(supra).* Concur—Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.