■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY STUCKEY, Appellant. [631 NYS2d 362] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered June 30, 1992, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of $3^1/2$ to 7 years, unanimously affirmed.

While it might have been the better practice for the court to have immediately polled the panel to determine whether any of the prospective jurors had heard defendant's outburst and the court's subsequent admonition to him (*see, People v Young*, 185 AD2d 369, *lv denied* 80 NY2d 935; *People v Mabre*, 166

AD2d 339, 340, *lv denied* 77 NY2d 879), under the circumstances, it was not an improvident exercise of discretion for the court to have denied defendant's untimely motions for a mistrial and to have the then-selected jury polled, in light of its curative instructions, both in its opening address and final charge to the jury. The jury is presumed to have followed these instructions (*People v Davis*, 58 NY2d 1102).

Nor was it an improvident exercise of discretion for the court to have denied defendant's application for an in-court lineup or to permit him to sit in the spectator section of the courtroom when the witness made an in-court identification, since the reliability of her identification testimony was never sufficiently cast into doubt and the record provided more than ample evidence establishing defendant's identity as the perpetrator of the crime (*People v Pearce*, 48 NY2d 897; *People v Benjamin*, 155 AD2d 375, *lv denied* 75 NY2d 867).

In light of the fact that this was defendant's fourth felony offense and that he was on parole at the time he committed this offense, we find no merit to defendant's contention the sentence imposed was excessive. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.