■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE HINES, Appellant. [690 NYS2d 66] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 25, 1996, convicting him of reckless endangerment in the first degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HINES, Appellant. [690 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered May 26, 1995, convicting him

of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of his statutory and constitutional right to be present at all material stages of the trial is without merit. The defendant has no right, under either CPL 260.20 or the Due Process Clause of the United States Constitution, to be present for conferences concerning only matters of law or procedure (*see, People v Roman,* 88 NY2d 18, 27; *People v Rodriguez,* 85 NY2d 586; *People v Williams,* 85 NY2d 945; *People v Velasco,* 77 NY2d 469, 472). Here, the conferences held outside of the defendant's presence concerned questions of law and procedure, about which the defendant had no peculiar knowledge.

Similarly unavailing is the defendant's contention that the Trial Judge should have recused himself because he presided at a prior criminal prosecution of the defendant. Prior to the commencement of the suppression hearings the Judge offered to recuse himself in light of the fact that he had presided over the defendant's prior trial. The defendant consented to the Judge's continuing participation and accordingly has waived this claim. In any event, where, as here, no basis for disqualification pursuant to Judiciary Law § 14 was presented, it was up to the conscience and discretion of the Judge to decide whether or not to recuse himself (*see, People v Moreno,* 70 NY2d 403; *People v Webb,* 159 AD2d 289).

The defendant's remaining contentions, including those raised in his supplemental brief, are either unpreserved for appellate review or without merit. S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.