■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE WILLIAMS, Appellant. [911 NYS2d 37]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 3, 2009, convicting defendant, after a jury trial, of four counts of criminal contempt in the first degree, and sentencing her to an aggregate term of one year, unanimously affirmed.

On the day after jury deliberations began, the victim was arrested for a crime involving a bad check that had allegedly occurred shortly before her trial testimony. The court providently exercised its discretion in denying defendant's motion to reopen the evidence for the purpose of cross-examining the victim about the underlying facts of that arrest, or, in the alternative, for a mistrial.

Reopening testimony after the jury has commenced deliberations is an "extraordinary remedy" (*People v Ruine*, 258 AD2d 278, 279 [1999], *lv denied* 93 NY2d 929 [1999]) that was not warranted here. The additional cross-examination was likely to have received undue emphasis from the jury, with a consequent distortion of the evidence as a whole (*see People v Olsen*, 34 NY2d 349, 353 [1974]). Furthermore, the underlying facts of the victim's arrest were collateral to defendant's guilt or innocence and went solely to the victim's credibility (*see People v Behling*, 54 NY2d 995, 996 [1981]). Finally, we reject defendant's argument that the victim's credibility was a central issue. Defendant's guilt was established by recordings of her harassing phone calls, and the victim's testimony was not necessary to identify the person speaking, because their contents and context rendered them self-authenticating (*see People v Lynes*, 49 NY2d 286, 291-293 [1980]; *see also People v Hamilton*, 3 AD3d 405 [2004], *mod on other grounds* 4 NY3d 654 [2005]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.