■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE R. WHITE, Appellant. — Judgment, Supreme Court, Bronx County, rendered September 24, 1971 convicting defendant after a trial of the crimes of felony-murder (two counts), murder, robbery in the first degree, grand larceny in the third degree and possession of a weapon as a felony and sentencing him to a term of from 25 years to life imprisonment for felony-murder (two counts) and murder, of from 5 to 15 years for robbery in the first degree, and of an indeterminate length not to exceed three years on the grand larceny and weapon counts is affirmed. We take no issue with the statement of facts set forth in the dissenting opinion. We differ, however, as to the conclusions which should be drawn from those facts and believe that defendant's guilt was established beyond any reasonable doubt. The defendant's conviction rested primarily on the testimony of both his girl friend and an alleged associate. It is to be noted that defendant does not attempt to attack their credibility in any manner and there is a complete absence of any basis upon which to conclude that their testimony is anything but reliable. The chain of events so firmly linking defendant to the commission of the crimes is as follows: On the evening prior to the discovery of the homicides at a Southern Boulevard address, defendant and another conspired to commit a robbery on Southern Boulevard. Later that same evening (or in the early hours of the next morning), defendant was at a building adjacent to the scene of the crimes where (consistent with his earlier penurious state of affairs) he attempted unsuccessfully to obtain funds from a friend. Nevertheless, on the next morning, defendant was suddenly possessed of a large roll of bills and in explanation of the manner in which he obtained his newly acquired assets he stated that "he had to shoot a girl". Moreover, defendant fled from Bronx County out of the expressed fear that his confederate in the commission of the crimes would "rat" on him. There was additional testimony that defendant either owned or had access to the caliber gun which was used in the homicides. Finally, the evidence established that no other female was reported shot or killed in Bronx County during the critical period. While the evidence is circumstantial in nature, the test of its sufficiency is the same "as in any criminal case, i.e., whether the evidence 'points logically to defendant's guilt and excludes to a moral certainty, every other reasonable hypothesis'". (*People* v. *Leonard*, 8 N Y 2d 60, 62; *People* v. *Harris*, 306 N. Y. 345, 351.) In considering the sufficiency of the evidence, one should view the circumstances in their entirety. Nor is it "necessary for each piece of circumstantial evidence to point to no hypothesis but guilt, but the totality must." (*People* v. *Cathey*, 38 A D 2d 976.) There is but one logical conclusion which can be drawn from the totality of the evidence here presented — that defendant is guilty of the crimes for which he now stands convicted. Concur — Stevens, P. J., McGivern, Markewich and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: Defendant and another were indicted for acting in concert in the commission of a robbery which resulted in two deaths and were each charged with two counts of intentional murder, two counts of felony-murder and three counts of lesser related crimes (robbery, larceny and possession of a weapon). A trial severance was granted, defendant was tried separately and was convicted of all of the charges contained in the indictment, except the one alleging his intentional murder of one Dolores Slade, which was dismissed by the trial court with the People's consent. Although the People contend that defendant's guilt was established by both direct and circumstantial evidence, it appears the proof at the trial was entirely circumstantial. While defendant's guilt may, of course, be established by such evidence, this conclusion must flow from the proven facts, and the evidence must exclude

to a moral certainty every hypothesis but that of guilt and be inconsistent with defendant's innocence. (*People* v. *Weiss,* 290 N. Y. 160; *People* v. *Harris,* 306 N. Y. 345; *People* v. *Powell,* 39 A D 2d 531.) The People's evidence came principally from one witness, defendant's drug-addicted mistress, and, viewed in its most favorable light, can be summarized as follows: she and defendant, also an addict, were waiting in a local cabaret for their supplier when Edward Dennis (the other individual indicted with defendant) suggested a robbery; after fortifying themselves with some acquired narcotics, defendant, Dennis and another male discussed the commission of a robbery at an unspecified address on Southern Boulevard in the Bronx and the three men then ventured forth at about midnight; the witness observed that Dennis had a .22 or .25 caliber revolver with him that evening and, although she "knew" that defendant possessed a similar caliber automatic, could not recall whether he had it in his possession that night; the next morning defendant displayed a large quantity of bills and, in response to her inquiry as to its source, defendant allegedly responded that "he had to shoot a girl"; on the following day defendant said he had to leave the Bronx because he was afraid Dennis would "rat" on him. Other evidence introduced disclosed that defendant, after leaving his mistress, had unsuccessfully sought money or narcotics from a friend who lived a short distance from where the murders occurred and that he had told this same friend, on a prior occasion, that he owned a .25 caliber automatic; and that, according to police department records, no other female was reported shot or killed in Bronx County during the critical period here in issue. The next morning the body of a male (Wilfredo Hernandez) was found on a stair landing and the body of Dolores Slade was found on the roof of premises 1489 Southern Boulevard. Both had been shot in the head with a .25 caliber automatic. Miss Slade was found dead and Hernandez died shortly after removal to a hospital without regaining consciousness. Near the body of Miss Slade a makeup compact was retrieved, but no wallet, purse or other identification was found. On essentially these facts, defendant was convicted of a double homicide during, or after, the commission of a robbery with a gun. I do not believe his guilt was legally established on the record before us. No one saw defendant with a gun and no one placed defendant at the scene of the crime. No evidence was adduced establishing the commission of any robbery and no connection was shown between defendant and either of the decedents. The fact that Slade's body was found with a makeup compact alongside her and a dollar bill and some coins in a jacket pocket does not lead to the inference, as the People contend, that in fact she was robbed. There is no evidence whatsoever that anything was taken and no evidence that she had anything other than that which was found with her. Even if we credit all of the testimony of defendant's mistress, this conviction improperly rests solely on inferences based on surmise, conjecture, supposition and other inferences. (Cf. *People* v. *Weiss,* 290 N. Y. 160.) It is inferred that since defendant allegedly conspired with two others to rob someone on Southern Boulevard, was seen the next day with money and admitted that he had to "shoot a girl" and to leave the Bronx for fear one of his coconspirators would "rat" on him, that he must have killed the only reported female homicide victim in the Bronx that day after, or while in the course of, robbing her on the roof of a building, and then had to kill another person who unfortunately happened to appear on the scene and presumably had to be silenced to prevent exposure. One can only speculate as to the effect the disclosure of another female homicide victim in the vicinity that night would have had on the prosecution's case. In my view the evidence adduced does not meet the necessary standards to sustain

this conviction since it does not exclude, to a moral certainty, every hypothesis except that of guilt. Moreover, and in any event, there is a total failure of proof as to the commission, or defendant's guilt, of the crimes of robbery, grand larceny or possession of a weapon. Accordingly, defendant could not be convicted of these crimes, nor of the two felony-murder counts, since they are predicated on the underlying robbery. In light of the foregoing, the judgment should be reversed and the indictment dismissed.