◼     THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES KENNEDY, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated June 17, 1976, which granted that branch of defendant's omnibus motion which sought dismissal of the indictment on the ground that the evidence submitted to the Grand Jury was insufficient in law and in fact to sustain any of the charges, and did so with leave to resubmit the matter to an additional or different Grand Jury within 45 days. Order modified, on the law, by (1) deleting therefrom the provision dismissing the indictment and substituting therefor a provision dismissing the second count (criminal possession of stolen property) of the indictment and (2) deleting from the final paragraph thereof the words "this matter" and substituting therefor the words "the count of criminal possession of stolen property". As so modified, order affirmed. The burglary charge of the indictment rested on legally sufficient evidence. (See CPL 190.65, subd 1;

210.20, subd 1, par [b]; Penal Law, § 140.20.) However, no legal evidence was presented to the Grand Jury which established the element of knowledge required for commission of the crime of possession of stolen property in the third degree. (See Penal Law, §§ 165.40, 165.55.) The affidavit submitted to the Grand Jury for that purpose was not legally sufficient. Accordingly, that count of the indictment was properly dismissed (see CPL 210.20, subd 1, par [b]; 70.10, subd 1). The District Attorney should have leave to resubmit that charge to the Grand Jury. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.