■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOVE, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Tanenbaum, J.), rendered May 6, 1982, convicting him of criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, indictment dismissed and the case is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. ¶ There is insufficient proof, as a matter of law, to sustain the jury's verdict of guilty of criminal possession of a forged instrument in the second degree. One element of this crime is that the defendant have knowledge that the instrument he possesses is forged (Penal Law, § 170.25). Although there was proof that the check was stolen from its owners and that the payees' indorsements were forged, there was no proof that defendant stole the check or of how it came into his possession (see *People v Green,* 53 NY2d 651). Nor was there any proof that the payees' indorsements, which were not claimed to be in defendant's handwriting, had not already been forged when the defendant acquired it. Although defendant's statement to the police that the check was "for nine months' back rent" was sufficient to support a finding that defendant knew that the check had been stolen, it does not support the further finding that defendant also knew that it was forged (*People v Green, supra*). Accordingly, the judgment of conviction must be reversed and the indictment dismissed. Gibbons, J. P., Bracken and Lawrence, JJ., concur.

Weinstein, J., dissents and votes to affirm in the judgment, with the following memorandum: I cannot adhere to the majority's conclusion that the proof is insufficient, as a matter of law, to sustain the verdict finding defendant guilty of criminal possession of a forged instrument in the second degree. In my view, the direct and circumstantial evidence linking defendant to the subject crime was legally sufficient to establish every element of that crime beyond a reasonable doubt. ¶ With respect to the standard of proof necessary for a jury to convict a defendant based upon circumstantial evidence, it has been held that a "reviewing court need not be convinced to an absolute certainty that there exists no hypothesis consistent with defendants' innocence in order to sustain the conviction thereon * * * Rather, it is enough if the circumstantial evidence is 'direct, substantial and unequivocal' * * * and the inferences of guilt to be drawn from the circumstances, as opposed to mere suspicions, are

'logically compelling' " (*People v Gross*, 51 AD2d 191, 193). In the instant case, the subject check was recovered as a result of an inventory search of defendant's personal effects subsequent to his arrest in connection with a motor vehicle accident in which a young boy had been killed. The check was from the United States Treasury and represented an income tax refund to Diane and Phillip Katz. It was established at trial that the subject instrument had never been delivered to the payees' residence. They had since received another check from the Government in the identical amount to compensate them for the lost check. ¶ Defendant's statement to the police that the check was a payment for nine months of back rent which was due is inconsistent with the reality of the payees' residential arrangement. The payees took up residence at their current address as tenants in approximately May, 1980. They purchased the house from a Mr. and Mrs. Robert Lath in or about February, 1982. Prior to their becoming homeowners, the payees had never been in arrears with their rent. ¶ It is apparent that the evidence adduced at trial presents an issue of the sufficiency of the evidence and, in particular, of the credibility of the witnesses. Under such circumstances, reviewing courts are constrained to assess the facts in a manner most favorable to the People. "We assume that the jury credited the prosecution witnesses and gave the prosecution's evidence the full weight that might reasonably be accorded it" (*People v Benzinger*, 36 NY2d 29, 32; accord *People v Scarincio*, 95 AD2d 967, 968). It is the province of the jury to determine credibility when presented with conflicting versions of the facts, one of which may be inconsistent with a finding of guilt. Insofar as its judgment is grounded on the evidence, the jury's assessment of credibility should not be disturbed (*People v O'Brien*, 48 AD2d 446, 448). ¶ The case of *People v Green* (53 NY2d 651), upon which the majority relies, is distinguishable from the instant situation. Unlike that situation, there was in this case sufficient proof of a circumstantial nature that defendant was in possession of a forged instrument with knowledge that it was forged. The jurors could, and did, reasonably infer from the testimony of Mrs. Katz and defendant's false statement regarding the overdue rent, that he knew that the signatures were forgeries. The fact that the payees neither knew defendant nor authorized him to possess their check, coupled with defendant's own signature on the check beneath the forged indorsements, was a sufficient basis upon which to convict defendant. ¶ In my view, the facts lead naturally and reasonably to the conclusion that defendant was guilty as charged and are inconsistent with any reasonable hypothesis of innocence. Inasmuch as defendant's remaining contentions are without merit, I vote to affirm the judgment under review.