■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LOUGHLIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered September 6, 1983, convicting him of criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing defendant's conviction for criminal possession of a forged instrument in the second degree and vacating the sentence imposed thereon, and count one of the indictment is dismissed. As so modified, judgment affirmed.

As a matter of law, we find insufficient evidence in the record to sustain defendant's conviction for criminal possession of a forged instrument in the second degree (*People v Green,* 53 NY2d 651; *People v Love,* 100 AD2d 975, mot for lv to app den 62 NY2d 808). In the first instance there was no evidence presented to establish that the check was fraudulently indorsed at the time the check was presented by defendant for cashing. Even assuming the forged indorsement was on the check at that time, there is an absence of proof to establish that defendant knew that the indorsement was forged. On this point, it is significant to note that the People did not claim that the fraudulent indorsement was in defendant's handwriting. Finally, defendant's conduct and statements made during and after the commission of the crime, while sufficient to sustain a finding that defendant knew the check was stolen, do not support a finding that defendant knew the check was forged. Such a finding would be "premised on [nothing] more than speculation" (*People v Green, supra,* p 652).

We have reviewed defendant's other contentions and find them to be without merit. Gibbons, J. P., O'Connor and Lawrence, JJ., concur.

Weinstein, J., concurs insofar as defendant's conviction of criminal possession of stolen property in the third degree is affirmed but otherwise dissents and votes to affirm his conviction of criminal possession of a forged instrument in the second degree, with a memorandum: Consistent with my dissent in *People v Love* (100 AD2d 975, mot for lv to app den 62 NY2d 808), I cannot adhere to the majority's conclusion that the proof is insufficient, as a matter of law, to sustain defendant's conviction of criminal possession of a forged instrument in the second degree. As in that case, there was in the instant case sufficient proof of a circumstantial nature that defendant was in possession of a forged instrument with knowledge that it was forged.

"The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'" (*People v Contes,* 60 NY2d 620, 621). Not every piece of circumstantial evidence need point exclusively to a hypothesis of guilt. Rather, it is sufficient that the totality of

such evidence points to a hypothesis inconsistent with innocence (*People v White,* 41 AD2d 629, affd 33 NY2d 996).

In the instant case, several factors point clearly to a finding that defendant had knowledge that the check which he was attempting to negotiate was forged. It is significant that defendant offered to give a People's witness, one John Scivoletto $77 of the $377 Government check if the latter would cash it for him, notwithstanding the fact that defendant was a stranger, and that the payee of the check was one Richard Moschiano, a close friend of Scivoletto. Defendant also attempted to cash the check at a diner, requesting that if the waitress could give him a portion of the face value he would return later to collect the balance. Moreover, defendant, at one point, threatened to kill another People's witness if she participated in the People's case. The fact that the payee of the subject instrument neither affixed his signature thereto nor authorized defendant or anyone else to possess, indorse or cash his check, coupled with defendant's own suspect conduct, is inconsistent with any reasonable hypothesis of innocence. In particular, defendant's attempt to have Scivoletto cash the check at a substantial discount evinces a consciousness of guilt from which, in my view, an inference of guilty knowledge flows ineluctably (see *People v Lipsky,* 57 NY2d 560, 573).

It is my conclusion that "the inferences of guilt to be drawn from the circumstances, as opposed to mere suspicions, are 'logically compelling'" (*People v Gross,* 51 AD2d 191, 193). Inasmuch as defendant's remaining contentions are without merit, I vote to affirm the judgment under review.