■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. HARRISON, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered August 24, 1982, convicting him of criminal possession of a forged instrument in the second degree (three counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's knowledge that the three bank checks drawn upon the account of one Gorden Hyde were forged may be inferred from the testimony at trial that defendant represented himself as the authorized drawer by presenting a driver's license also bearing the name Gorden Hyde. Accordingly, the People have sufficiently proved his guilt of the crimes charged (see, People v Johnson, 65 NY2d 556; People v Orsilini, 69 AD2d 766). People v Green (53 NY2d 651) and People v Love (100 AD2d 975) have no applicability.

Defendant's claim that the court abused its discretion by refusing to await the arrival of one of his alibi witnesses before proceeding with summations has not been preserved for review and, in any event, lacks merit. The record shows that the court adjourned at 3:00 P.M. on the preceding day and admonished defense counsel to have his witnesses ready the next morning. When the matter resumed, the court granted counsel's request for a 10-minute adjournment and, thereafter, an additional 11 minutes passed while the court conducted a conference between the attorneys in its chambers. At the conclusion of that conference, the witness had not yet arrived and no further request for an adjournment was made.

Contrary to defendant's assertion, there is no evidence that said witness arrived at the courthouse during the summations and was barred from entering the courtroom. Even if this were the case, however, it was incumbent upon defense counsel to inform the court of the witness's arrival since the court may, where appropriate, permit evidence to be taken even at that late stage in the proceedings (see, People v Olsen, 34 NY2d 349, 353; People v Ferrone, 204 NY 551, 553). Having failed to do so, defendant cannot now complain that the court acted improvidently.

The remaining contentions raised by defendant, both in his counsel's brief and in his pro se supplemental brief, are either

without merit or have not been preserved for our review. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.