■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DI MAURO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Broomer, J.), rendered April 20, 1982, convicting him of criminal possession of a forged instrument in the second degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant claims that he received two ITT corporation

checks paid to his order, each in the sum of $300,000, in the mail. He indorsed and deposited them in his checking account and in three days time drew on that money. Subsequently indicted, *inter alia,* for criminal possession of forged instruments and criminal possession of stolen property, he was found guilty of those charges. On this appeal, defendant contends, *inter alia,* that the trial evidence was insufficient for the jury to find, beyond a reasonable doubt, that he *knowingly* possessed forged instruments and that the court's improper charge as to the recent and exclusive possession of the fruits of a crime denied him a fair trial. We cannot agree with either of these contentions.

With respect to the first contention, it is long settled that an essential element of the crime of criminal possession of a forged instrument is knowledge by the defendant that the instrument is forged (Penal Law § 170.25; *People v Everhardt,* 104 NY 591, 595). Nevertheless, as the Court of Appeals has recently emphasized, knowledge of a forgery may be shown circumstantially by conduct and events, and recent and exclusive possession of the fruits of a crime, if not satisfactorily explained, can justify an inference that the possessor was the criminal *(see, People v Johnson,* 65 NY2d 556, 562-563; *see also, Barnes v United States,* 412 US 837, 841, 843-844; *People v Baskerville,* 60 NY2d 374, 382-383; *People v Von Werne,* 41 NY2d 584, 590; *People v Galbo,* 218 NY 283, 290 [Cardozo, J.]).

At the trial herein, it was established that the instruments in question were two of a number of blank checks missing from the ITT data-processing department and that the signatures purportedly authorizing payment on behalf of the company were not of personnel authorized to sign those checks. Defendant, the payee of the forged checks, had never worked for ITT. Moreover, although defendant did not take the stand, his wife of 13 years, an employee of the bank that maintained his checking account, testified, *inter alia,* that prior to defendant's receipt of the checks through the mail, she had received a telephone call from "[s]omeone from ITT", whose identity she did not remember, informing her that the checks would be mailed to her home, that "someone", whose identity "they couldn't divulge", "had passed away in [her] husband's family and left [them] the money", and that he (the caller) telephoned only to verify her husband's address. On cross-examination, Mrs. Di Mauro, who had spoken to defendant about the check, admitted that she had never received any notification from an attorney that she or her husband were beneficiaries of an estate.

In light of the evidence that defendant deposited forged checks payable to him, totaling $600,000, and quickly drew against them, which checks were missing from a large and established company for which he had never worked, coupled with the vague and implausible explanation that the money, although in the form of ITT checks, was derived from an undisclosed and unheralded dead relative's estate, the jury had a sufficient evidentiary basis upon which to reject any notion of mistake and conclude, beyond a reasonable doubt, that defendant knowingly possessed the forged instruments *(see, People v Johnson, supra)*. Neither *People v Green* (53 NY2d 651), *People v Loughlin* (105 AD2d 846) nor *People v Love* (100 AD2d 975) requires a different result. Unlike here, those cases, to paraphrase the Court of Appeals in *People v Johnson (supra,* at p 562), were devoid of any evidentiary showing of how or where the instrument came into the defendant's possession. Moreover, these three cases, dealing with checks payable to third parties with forged payee indorsements, are factually distinguishable from the case at bar.

With respect to the claim of error in the jury instruction on recent and exclusive possession, we note that defendant's only objection raised at nisi prius to this so-called *"Galbo* charge" *(People v Galbo,* 218 NY 283, *supra)* was that it was inapplicable to the counts charging defendant with criminal possession of a forged instrument in the second degree. Defendant does not press this argument here, and, in any event, the recent Court of Appeals case of *People v Johnson (supra)* is dispositive of this issue. By not otherwise objecting in the first instance to the charge, defendant has failed to preserve, as a matter of law, any other claimed error *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Little,* 62 NY2d 1020; *People v Walker,* 104 AD2d 573). Nor are we inclined to review other claimed errors in the interest of justice (CPL 470.15 [3] [c]).

Concededly, in instructing the jury on permissible inferences to be drawn from defendant's possession of the instruments, the trial court did not treat the counts charging defendant with criminal possession of forged instruments in the second degree with the same factual specificity as the count charging defendant with criminal possession of stolen property in the third degree. Nonetheless, the court did essentially instruct the jury that it could utilize the inference of knowledge from recent and exclusive possession on the forged instrument counts and on the stolen property count, on the forged instrument counts alone, on the stolen property count alone, "or not at all, as you see fit". Hence, cases where the

jury was not instructed that the inference was a permissible one are not germane *(see, e.g., People v Baskerville,* 60 NY2d 374, *supra; People v Bannerman,* 104 AD2d 419; *People v Seaman,* 96 AD2d 603). In any event, whatever failure there was to factually relate the inference to the forged instrument counts, it did not work to deprive defendant of a fair trial. Here, where defendant was the actual payee of the forged instruments, he could hardly have known that the instruments in his possession were stolen without concomitantly knowing they were forged, and it would have been unreasonable for the jury to conclude otherwise.

We have considered defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, O'Connor, Niehoff and Lawrence, JJ., concur.