■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RYAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered April 11, 1986, convicting him of criminal possession of a forged instrument in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's guilt of the crimes of criminal possession of a forged instrument in the second degree and criminal possession of stolen property in the third degree was proved beyond a reasonable doubt. In order to establish these crimes, it was necessary to prove that the defendant had knowledge that the specific property involved a prescription for Darvocet, a controlled substance, was forged and stolen respectively *(see, People v Di Mauro,* 113 AD2d 840, 841; *People v Kennedy,* 56 AD2d 935, 936). The defendant's knowledge of the status of this prescription as both forged and stolen was established by his conduct as well as by his own testimony as to how the prescription came in to his possession *(see, People v Johnson,* 65 NY2d 556, 561). The defendant testified that a male physician wrote the prescription for him, despite the fact that the printed name on the prescription form was that of a female physician, who testified that she had not written the prescription. The jury was entitled to infer the defendant's guilty knowledge from his testimony *(see, People v Harrison,* 112 AD2d 1009). Resolution of issues of credibility is within the

province of the triers of fact; their determination should not be overturned lightly on appeal and we decline to do so at bar *(see, People v Bauer,* 113 AD2d 543, 551). Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.