Jones, J.
We affirm in this case on a very narrow ground. At the trial of Washington the appellant here, Martin Anderson an important prosecution witness, falsely and insistently testified on cross-examination that he had no reason to expect leniency in return for his willingness to take the witness' stand for the prosecution. In fact at least soft promises, and probably more, had been made to him, and after the trial of Washington a related indictment against Anderson was dismissed on recommendation of the prosecutor, who cited Anderson’s co-operation at Washington’s trial.
The prosecutor, who personally had given the assurances to Anderson, took no steps to tell the jury the truth of the matter. Were there no more, we would reverse and order a new trial. (People v. Savvides, 1 N Y 2d 554; People v. Mangi, 10 N Y 2d 86; Napue v. Illinois, 360 U. S. 264.)
*403 On the present cor am nobis application, however, Washington repeatedly asserts that just prior to his trial, he had been informed by Anderson of the promises made to Anderson by the prosecution. When at his trial Washington took the stand to establish an alibi, the Trial Judge, on his own, examined him closely as to whether he knew any reason why Anderson would have given the testimony against him which Anderson had. Washington was then evasive and failed totally to disclose to the court or to the jury the knowledge he had of the promises which had been made to Anderson.
Further, at the hearing on this application, Washington’s counsel, who had also been his trial counsel, informed the court that the report of Anderson’s pretrial disclosure of the promises made to him was not a recent contrivance. With commendable candor counsel told the court that Washington had told him at the time of the trial of the information furnished by Anderson.
We deplore the failure of the prosecutor immediately to correct the entirely false impression left by Anderson’s testimony. Where, however, as here, both the defendant and his counsel, with knowledge of the facts, stood silently by and did nothing themselves to remedy the situation, we would make a very limited exception to the Savvides rule. To do otherwise, in our view, would be merely to punish the prosecution, and thus to penalize the People, where there cannot be said to be legitimate interests of the defendant to be protected.