■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAFAYETTE DOBBINS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered March 23, 1981, convicting him of burglary in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On August 31, 1980, during the early morning hours, the front window of the Hempstead Cycle Shop was smashed and two bicycles were stolen. Police Officer Edwards, who had heard the sound of breaking glass at about 5:30 that morning, went to investigate the noise. A passing motorist stopped to tell the officer what had happened. The officer radioed the information into headquarters and started looking for two black males with bicycles. Police Officer Moore, responding to a radio call, arrived at Newman's Court, one and one-half blocks to the north and one-half block to the west of the cycle shop, where he allegedly saw defendant walking a new bicycle in a westerly direction and saw another figure approximately 35 to 40 feet from defendant dash into an alleyway. The second individual was never positively identified and was never indicted. At trial, the prosecution's case was built around the fact that defendant was found with a stolen bicycle approximately two blocks from where the crime had been committed. This case presents the vital question of the permissible inferences that might be drawn from the evidence. Did that evidence warrant the inference that defendant had committed burglary or merely that defendant was a receiver of the stolen bicycle? The Trial Judge did not charge the jury on accessorial liability, therefore, such a theory is out of the case (*People v Dlugash,* 41 NY2d 725). The jury was charged, *inter alia,* as follows: "I charge you that the conscious exclusive possession by the defendant of recently stolen property if unexplained or falsely explained permits but does not require the jury to infer that the defendant committed a burglary and/or a larceny of the property. Of course the jury need not draw any guilt [*sic*] inference at all or may infer that he obtained or possessed the property in some way other than by stealing it in the course of a burglary. You must consider and evaluate all the testimony which bears upon the recent exclusive possession inference including the manner in which the burglary and larceny is alleged to have occurred, the location of the burglary, the nature of the alleged stolen property, the length of time between the alleged burglary and the time the property is alleged to have been found in the defendant's possession, the nature and circumstances of the alleged possession by the defendant, the defendant's explanation of the possession, if any, and access to the property by persons other than the defendant, if any. Naturally if you find that the People did not prove beyond a reasonable doubt that, one, the property was stolen, two, the defendant recently, exclusively and consciously possessed it, and three, the defendant was without a truthful explanation as to how he obtained it, you cannot infer the inference [*sic*]. On the other hand, if you find that the People have proven beyond a reasonable doubt that one, the property was stolen, two, the defendant had recent exclusive and conscious possession of it, and three, there was no truthful explanation of it, you must then decide from all of the facts and circumstances which inference to draw. That the defendant committed the burglary and larceny or that he obtained possession in some other way. In order to draw the

inference of guilt, every other reasonable hypothesis except guilt must be excluded to a moral certainty. Even if you find that the defendant recently and exclusively possessed the fruits of the burglary and larceny and decide that the inference of guilt exists, it can be rebutted or overcome by other evidence either on direct or cross examination that the defendant obtained possession without committing a burglary or larceny. Once the inference is rebutted or overcome by sufficient evidence, it ceases to exist and disappears from the trial. The People may not thereafter rely upon such inference and must prove beyond a reasonable doubt that the defendant committed the burglary charge without the benefit of the inference." Defense counsel took exception to this charge, suggesting that the court instruct the jury that there are two guilty inferences that can be drawn from the facts in the instant case. Defendant could have been involved in the burglary or he could have merely been a knowing possessor of the stolen bicycle. The court below refused to so instruct the jury. However, without such instructions, the above charge is erroneous and highly prejudicial (see *People v Galbo*, 218 NY 283; *People v Batten*, 40 AD2d 549; *People v Zada*, 75 AD2d 77). The facts must shape the inference. The police saw a second individual fleeing from the scene. Therefore, the jury could have believed that defendant was merely a receiver of the stolen goods and that the fleeing suspect was the burglar. In conclusion, the erroneous charge prejudiced the defendant and critically infected the evidence presented by the prosecution to link defendant to the burglary. We have examined all of defendant's other points, but find no additional grounds for reversal in light of the fact that defense counsel failed to object to the errors defendant now alleges. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.