■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS SEAMAN, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered April 22, 1982, convicting him of burglary in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The

trial court erred during its charge on the "recent and exclusive possession" of the proceeds of a burglary, in that it failed to charge that there were two permissible inferences of guilt which could be drawn from the facts of the case: (1) that the defendant was involved in the burglary; or (2) that the defendant was merely the knowing possessor of the stolen ring. The court only charged that the jury could infer the former. Without instructions that two guilty inferences could be drawn, the charge was erroneous and highly prejudicial (see *People v Galbo,* 218 NY 283; *People v Batten,* 40 AD2d 549, affd 31 NY2d 737; *People v Dobbins,* 92 AD2d 593). Under the facts of this case, the jury could have believed that defendant was merely the receiver of the stolen ring, and that the person who accompanied him when he sold the ring to one of the People's witnesses was the burglar. Under the circumstances herein, although trial counsel failed to object or except to the charge as given, the error is of such a fundamental nature that it warrants a reversal in the interest of justice (see *People v Zada,* 75 AD2d 77). In light of the above determination, we need pass upon no further issue. Damiani, J. P., Lazer, Thompson and Gulotta, JJ., concur.