■ The People of the State of New York, Respondent, v Ralph Lopez, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered January 6, 1982, convicting him of burglary in the third degree, petit larceny, criminal possession of stolen property in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ On April 12, 1981, at approximately 2:40 P.M., Police Officers James Scaturro and Michael Oveis of the anti-crime unit were responding to a radio transmission directing them to 153½ Boerum Street when they observed defendant Ralph Lopez and codefendant Al Colon approximately one-half block from that location. Lopez and Colon were walking fast and looking in all directions around them, and Lopez was carrying a television set. The officers stopped Lopez and Colon, and after Lopez stated that he had found the television in the garbage, the defendants were put in the police car and taken to 153½ Boerum Street. While Scaturro waited in the car with defendants, Oveis went to the apartment of the victim. He observed that locks on the door, which was ajar, had been tampered with. The apartment itself had been ransacked, and it contained a television stand without a television. A subsequent search of defendants produced a screwdriver from Lopez, and a woman's watch, a plastic celluloid strip, and two metal lock picks from Colon. ¶ The only witness at the trial other than the two officers was the victim. She testified that when she left her apartment at approximately 8:00 A.M. her possessions were intact, and when she returned at approximately 6:00 P.M. she learned of the burglary. She identified the television and watch, which had been recovered from defendants and had been introduced into evidence, as her own. ¶ In its charge, the court advised the jury: "It is the law that *recent* and *exclusive* possession of the fruits of a crime, if unexplained or falsely explained, will justify the inference that the possessors are guilty of the crime" (emphasis supplied). ¶ It is defendant's primary contention on appeal that

once during the direct testimony of Officer Scaturro and once during the summation of the prosecutrix, she improperly introduced or commented upon evidence establishing that he was apprehended with the television almost immediately following the commission of the burglary, and that this unfairly focused upon the recency of his possession of the fruits of the crime and the inference to be drawn therefrom. As a result, he claims to have been deprived of a fair trial. For the reasons set forth herein, we disagree. ¶ At the outset of the trial, the court explained to the jury the role of objections at a trial. Following the prosecutrix' opening statement, defendant's counsel sought a mistrial because he believed the prosecutrix had made reference to the police responding to a report of "burglary in progress", and that this hearsay would unfairly reflect upon the recency of the possession of the proceeds of the crime. In fact, the prosecutrix had made no such reference, and the motion was denied. ¶ During her questioning of Officer Scaturro, the following occurred: ¶ "Q At approximately 2:40 in the afternoon did you have occasion to respond to a certain premise [sic]? ¶ "A Yes. ¶ "Q Would you tell us how that came about and to what premises you were responding? ¶ "A We received a radio run that there was a crime in progress. ¶ "Q Officer, where was — ¶ "MR. BLACK [codefendant's counsel]: Objection. ¶ "MR. ARONOWSKY [defendant's counsel]: Objection, Your Honor. Could we approach at sidebar? ¶ "THE COURT: Objection is sustained. Come up. ¶ "The jury will disregard those remarks". ¶ Following discussion outside of the presence of the jury and after a short recess, the court further instructed the jury: "THE COURT: Members of the jury, the last answer was stricken from the record. You're to disregard it. You are not to consider it in any way, any manner or any form. It has no basis in evidence and you may not use it or consider it at all". ¶ During the prosecutrix' summation, the following transpired: ¶ "These two men are caught on the street a half a block away from where there's just been a burglary of two items. Only two items. ¶ "MR. BLACK: Objection. There has been no statement as to 'just been a burglary.' I don't believe that's part of the testimony. ¶ "THE COURT: Objection is sustained. We don't know when the burglary occurred. The testimony indicated that the victim witness left at eight in the morning and the burglary was discovered at 2:40 by the two — by the police officers". ¶ During the charge to the jury, the court also stated: "Testimony that was stricken from the record, the answers of a witness that were stricken and which you were instructed to disregard are to be totally disregarded by you". ¶ There is nothing within the context of the foregoing that justifies a conclusion that defendant was deprived of a fair trial. In asking Officer Scaturro how it came about that he responded to the premises in issue, there is no indication that the questioning was done in bad faith or that the prosecutrix anticipated the answer that the radio run indicated "there was a crime in progress". Furthermore, an immediate objection was sustained, thorough curative instructions were given, and the corrective instruction was reiterated during the charge to the jury. When the prosecutrix stated in summation that there had "just been a burglary", an objection was again immediately sustained, and the court clearly advised the jury that there was no evidence other than that the burglary had occurred between 8:00 A.M. and 2:40 P.M. There is no reason in this record to doubt that the clear and immediate corrective instructions were followed by the jury (*People v Santiago,* 52 NY2d 865; *People v Young,* 48 NY2d 995; *People v Arce,* 42 NY2d 179). ¶ Within the factual context of this case, and in light of the curative instructions, the possibility that the improper testimony and summation comment had any effect on the jury's verdict is miniscule. The possession of the stolen television and watch within seven hours of the burglary justified the court's charge with regard to recent possession of the fruits of a crime (see *People v Batten,* 40 AD2d 549, affd 31 NY2d 737; *People v*

*Zada,* 75 AD2d 77). Defendant never testified at the trial, and he in no way negated the potential inference to be drawn from his recent possession of the fruits of the crime. The sole explanation was elicited from Officer Scaturro on cross-examination, when he testified Lopez had stated he found the television in the garbage. It is easy to conclude that a jury would have little difficulty in rejecting such an explanation. No explanation was ever offered with regard to how Colon obtained possession of the watch (*People v Baskerville,* 60 NY2d 374). The two metal lock picks, the celluloid strip, and the screwdriver were also part of the evidence against defendant. Under these circumstances, and in light of the curative instructions, there was no reasonable possibility that the objectionable material contributed to his conviction (*People v Almestica,* 42 NY2d 222) because there was nothing even remotely credible in evidence that would have negated the inference the jury could draw from the recent possession of the fruits of the crime by the defendant. ¶ We have considered defendant's other contentions and find them to be without merit. We further note that no issue regarding probable cause to arrest defendant has been raised on appeal. Accordingly, the judgment of conviction is affirmed. Lazer, J. P., Gibbons, Thompson, Weinstein and Brown, JJ., concur.