■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BANNERMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 12, 1981, convicting him of robbery in the first degree (two counts), criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered.

The trial court erred during its charge on the "recent and exclusive possession" of the proceeds of the robbery, in that it failed to explicitly charge that two permissible inferences of guilt could be drawn from the facts of the case: (1) that defendant was involved in the robbery; or (2) that defendant was merely the knowing possessor of the stolen car. The court's charge was vague and confusing, and did not properly charge the latter inference. "Without instructions that two guilty inferences could be drawn, the charge was erroneous and highly prejudicial (see *People v Galbo,* 218 NY 283; *People v Batten,* 40 AD2d 549, affd 31 NY2d 737; *People v Dobbins,* 92 AD2d 593)" (*People v Seaman,* 96 AD2d 603, 604; *People v Baskerville,* 60 NY2d 374; *People v Thornton,* 104 AD2d 426). We find that under the facts of the present case, the jury could have believed that defendant was merely the receiver of the stolen car. Therefore, under the circumstances herein, although defense counsel failed to object to the charge on this ground, reversal is warranted in the interest of justice (see *People v Seaman, supra; People v Zada,* 75 AD2d 77).

We have examined defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.