■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL THORNTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered November 4, 1982, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and the facts, and new trial ordered.

Defendant and codefendant William Hill were charged with participating, along with three other individuals, in a robbery and mugging of two youths on New Year's Eve, December 31, 1981, in Jamaica, Queens. Defendant and his companions were arrested by the police while riding in an automobile in the vicinity of the location where the incident occurred, after being identified as the perpetrators by the two victims. The property identified by the victims as stolen during the incident was recovered from the back of the automobile where defendant and two other individuals were seated.

In the section of the court's charge to the jury concerning criminal possession of stolen property in the third degree, the presumption arising from unexplained conscious, recent and exclusive possession of stolen property was described as follows: "It is the law that conscious, recent and exclusive possession of the fruits of a crime if unexplained or falsely explained would justify an inference that the possessor is the criminal. Accordingly, if a person is found in conscious and exclusive possession of property presently stolen and of which he can give no reasonable account, a jury can be justified in concluding that he committed the crime by which the property was obtained from its owner, but it is left to the jury to decide whether the inference should or should not be drawn from a particular case after due consideration of the kind or [sic] property involved, the length of time between the taking and its discovery in the possession of the accused, the circumstances attending his possession and the probability from the character of the property and all of the circumstances of the case that the possessor if lawfully in possession thereof could show how he acquired possession".

The language failed to adequately explain that the permissive inference could not be used to dilute the burden of the prosecution to establish defendant's guilt of the robbery charges beyond a reasonable doubt and that, if the inference was rebutted by evidence that defendant obtained possession of the property

without participating in the robbery, it ceased to exist and disappears from the case (see *People v Dobbins,* 92 AD2d 593; *People v Schillaci,* 68 AD2d 124, 126; cf. *Ulster County Ct. v Allen,* 442 US 140, 156-157). Furthermore, the trial court did not inform the jury that, even if they found defendant to be in recent and exclusive possession of the stolen property without presenting a credible explanation therefor, they reasonably could draw two permissible inferences: (1) that defendant was guilty of participating in the robbery whereby the goods were stolen; or (2) that defendant was merely guilty of conscious possession of the stolen property.

The fact pattern here comes within the category of cases described in the recent Court of Appeals decision of *People v Baskerville* (60 NY2d 374, 383), "in which there is evidence from which the jury could conclude that defendant was the thief, but there is also a reasonable view of the evidence under which the jury could find that defendant acquired possession after the theft. In such a case the jury must be charged that if they find that defendant had possession of recently stolen property for the possession of which he has offered no explanation or an explanation which they find to be untrue, they may, although they are not required to, infer that defendant was guilty of a crime and must then weigh the evidence before them to determine whether it established beyond a reasonable doubt that the defendant participated in the theft of the property or received it after it was stolen with knowledge of that fact (see *People v Batten,* 31 NY2d 737, affg 40 AD2d 549, 550; *People v Dobbins,* 92 AD2d 593, 594; *People v Zada,* 75 AD2d 77)" (see, also, *People v Seaman,* 96 AD2d 603; *People v Schillaci, supra*).

We cannot say that the failure of the Trial Judge in the instant case to advise the jury of the two alternative inferences they could draw from defendant's presence in the automobile with the stolen goods constituted harmless error, despite the existence of other evidence linking defendant to the robbery, including the testimony of the two complaining witnesses identifying defendant as the gunman. Defendant was not found to be in exclusive possession of the stolen property, which was discovered in a car in which he was riding with four other individuals. Defendant took the stand and admitted that he was involved in a fight with the complaining witnesses, but denied participating in a robbery. Under these circumstances, the misstatement of the presumption by the Trial Judge had the impact of improperly undermining the responsibility of the jurors, as the triers of fact, to determine whether the prosecution had sustained its burden to establish that defendant was guilty of the robbery

counts of the indictment beyond a reasonable doubt (see *Ulster County Ct. v Allen,* 442 US 140, 156, *supra*).

We also note that the Trial Judge erroneously allowed the prosecutor to introduce into evidence, over the objection of defense counsel, a broken piece of a gun grip. The prosecution failed to connect this piece of evidence sufficiently with defendant to establish its relevance to the issues in the case (see *People v Mirenda,* 23 NY2d 439, 453; *People v Kitchen,* 55 AD2d 575, 576). The arresting officer and later the defendant, himself, testified that they observed the gun grip in the hands of the police officer who searched defendant's person. This officer did not, however, appear in court to testify. Defendant denied that the piece of the gun grip had been found in his pocket and there was no evidence introduced at trial that the broken piece matched the handle of the revolver found under the front seat of the car that defendant and his companions were riding in. The potential prejudicial impact of the gun grip on defendant's case outweighed whatever limited probative value it had (see *People v Davis,* 43 NY2d 17, 27, cert den *sub nom. Davis v New York,* 435 US 998). The prejudicial impact of this erroneously admitted evidence was compounded when only the direct testimony of the arresting officer was read back in response to a question by the jury as to where and by whom the piece of gun grip was discovered. The Trial Judge should have, at the very least, informed the jurors of the existence of *voir dire* and cross-examination on that issue, in view of the close question as to whether the prosecution had established a sufficient connection of the piece of gun grip with defendant (see *People v Fludd,* 68 AD2d 409).

We have considered the other contentions raised by the defense and find them to be without merit. Lazer, J. P., Niehoff, Boyers and Lawrence, JJ., concur.