■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCIASCIA, Appellant.—Judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered December 15, 1983, affirmed *(see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9; *People v Kazepis,* 101 AD2d 816). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY SLATER, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered March 23, 1984, convicting him of burglary in the second degree, grand larceny in the third degree, criminal mischief in the fourth degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court properly charged the jury that they could infer from the proof of defendant's recent exclusive possession of the fruits of a burglary that defendant was the perpetrator of the burglary. Since there was no evidence tending to indicate that there was any other person who may have committed the burglary and delivered the fruits to defendant, the court did not err in refusing to charge the jury that they could also infer that defendant was merely a knowing receiver of the stolen property *(see, e.g., People v Baskerville,* 60 NY2d 374; *People v Howard,* 60 NY2d 999; *cf. People v Dobbins,* 92 AD2d 593). This inference is merely permissive. However, the inference alone may be sufficient to establish proof of defendant's guilt of the burglary beyond a reasonable doubt unless defendant can show that under the facts of his case the jury could not rationally draw that inference *(see, e.g., Ulster County Ct. v Allen,* 442 US 140, 157). Defendant has not met this burden.

We have examined defendant's remaining contentions and find them to be either without merit or insufficient to warrant reversal. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.