■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUNCAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J., at trial; Owens, J., at sentence), rendered July 11, 1985, convicting him of burglary in the second degree, grand larceny in the third degree (three counts), criminal possession of stolen property in the second degree (two counts), criminal possession of stolen property in the third degree, criminal impersonation in the second degree, and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Order that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) reversing the convictions for burglary in the second degree and grand larceny in the third degree (two counts), as set forth in the first three counts of the indictment and vacating the sentences imposed thereon, and (2) vacating one of the terms of imprisonment imposed upon his conviction for criminal possession of stolen property in the third degree. As so modified, the judgment is affirmed, and the first three counts of the indictment are severed and a new trial is ordered thereon.

The trial court erred in its charge to the jury on the issue of the "recent and exclusive possession" of the fruits of a crime, which was applicable to the first three counts of the indict-

ment concerning the burglary and theft of certain items from the apartment of one of the complainants. Specifically, we find that the charge did not clarify that "there were two permissible inferences of guilt which could be drawn from the facts of the case: (1) that the defendant was involved in the burglary [and theft]; or (2) that the defendant was merely the knowing possessor of the stolen [property]" *(People v Seaman,* 96 AD2d 603, 604). Contrary to the People's contention, this is not a case where the only possible inference to be drawn was that the defendant was the burglar and thief. Therefore, under the circumstances, although the defendant's trial counsel did not object to the charge, the error warrants a new trial on the first three counts of the indictment in the interest of justice *(cf. People v Seaman, supra; People v Zada,* 75 AD2d 77).

Finally, we note that while the defendant was only convicted of one count of criminal possession of stolen property in the third degree, he was sentenced to two concurrent terms of imprisonment of one year for that crime. Accordingly, we have modified the judgment to vacate the extra sentence of imprisonment. Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.