■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO ROMAINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered November 21, 1984, convicting him of burglary in

the second degree, criminal possession of stolen property in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, and as a matter of discretion in the interest of justice, by vacating the convictions of burglary in the second degree and petit larceny and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, without prejudice to the People re-presenting any appropriate charge to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726, 727), the first count of the indictment charging burglary in the second degree is severed and a new trial is ordered on that count.

The trial court erred in its charge to the jury on the issue of the "recent and exclusive possession" of the fruits of the crime *(see, People v Galbo,* 218 NY 283, 290). The charge failed to clarify that "there were two permissible inferences of guilt which could be drawn from the facts of the case: (1) that the defendant was involved in the burglary [and theft]; or (2) that the defendant was merely the knowing possessor of the stolen [property]" *(People v Seaman,* 96 AD2d 603, 604). Because of the explanation offered by the defendant for his possession of the stolen property and other evidence in this case, we reject the People's contention that the only possible inference to be drawn was that the defendant was the burglar and thief. Although the defendant's trial counsel failed to object to the charge, the error warrants a new trial in the interest of justice on the first count of the indictment charging burglary in the second degree *(see, People v Duncan,* 126 AD2d 662). "A person is guilty of petit larceny when he steals property" (Penal Law § 155.25). The improper *Galbo* charge therefore warrants reversal of the defendant's conviction for petit larceny as well. Since the jury was charged as to petit larceny as a lesser included offense of count two of the indictment, grand larceny in the third degree, the conviction of petit larceny under that count must be vacated without prejudice to the People re-presenting any appropriate charges to another Grand Jury *(see, People v Beslanovics, supra).*

Finally, we note that any information that the defendant had at the time of trial as to an alleged "deal" between the prosecution and one of its witnesses should have been brought to the attention of the trial court during the course of the trial and not after the jury had rendered a verdict *(see, People v Washington,* 32 NY2d 401, 403). Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.