■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WALLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered December 2, 1983, convicting him of burglary in the third degree, criminal possession of stolen property in the

third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the entry of an order in its discretion pursuant to CPL 160.50.

The defendant was jointly tried and convicted with Sam Taylor and John Martin on charges stemming from the burglary of an automobile supply store. On the night of the burglary, the defendant was arrested while riding in a van containing property stolen from the store. The defendant contends that his mere presence in the van, when explained by his testimony, was insufficient to establish his guilt beyond a reasonable doubt. We agree.

According to the defendant's testimony, on the night in question, he left his home shortly after midnight to go to the food store. He lived on the same street as the codefendant Taylor. When he walked down the block, he saw Taylor and Martin outside Taylor's home. They agreed to give him a lift to the food store, and he got into the van along with Martin's wife and aunt. Martin drove the van to the corner where it was stopped by the police. The defendant was arrested along with Martin and Taylor and the two women were released. The defendant produced two witnesses who testified that he was home until shortly after midnight when he left to get soda and cigarettes at the store.

The prosecution presented no direct evidence of the defendant's participation in the burglary. Where the evidence is circumstantial, for guilt to be proven beyond a reasonable doubt, the facts proved must exclude every reasonable hypothesis of innocence (see, People v Benzinger, 36 NY2d 29, 32). The prosecution relied on the permissive inference that the recent exclusive possession of the fruits of a crime, if unexplained or falsely explained, is sufficient to establish guilt beyond a reasonable doubt (see, People v Baskerville, 60 NY2d 374, 382; People v Slater, 115 AD2d 672, lv denied 67 NY2d 657). However, the inference alone is insufficient if proof of exclusive possession is lacking (see, People v Schillaci, 68 AD2d 124).

Here, there were five persons in the van at the time of the defendant's arrest. The prosecution failed to prove that the defendant, as a passenger, exercised exclusive control over the stolen property in the van and presented no proof that he acted in concert with his codefendants independent of the

evidence of his presence in the van. In addition, the defendant explained his presence in the van, and the prosecution introduced no evidence to show that the explanation was false. Although issues of credibility are for the jury and its determination should not be lightly set aside, we find that the evidence presented by the People failed to exclude every reasonable hypothesis of innocence. The defendant's conviction, based solely on his presence in the van, is contrary to the weight of the evidence.

In light of our decision, we need not reach the defendant's remaining contentions. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.