■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALTON HARVEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 6, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Viewing the circumstantial evidence adduced at the trial in the light most favorable to the prosecution (see, People v Betancourt, 68 NY2d 707), we find that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's mere presence in the house where the controlled substances were found is not sufficient to establish that he exercised such dominion and control over them as to establish constructive possession (see, People v Garcia, 133 AD2d 123; People v Reyes, 126 AD2d 681; People v Ortiz, 126 AD2d 677). Although the defendant owned the house where the controlled substances were found, he was not residing there. He was renting the first floor to a number of tenants, and was in the process of renovating the second floor. The contraband was discovered in the kitchen pantry on the first floor, in a place equally accessible to the tenants and other persons who were present in the house at the time of the seizure (see, People v Betances, 145 AD2d 961; People v Waller, 131 AD2d 898; People v Bentley, 112 AD2d 109; People v

*Schriber,* 34 AD2d 852, *affd* 29 NY2d 780). Nor is the evidence of consciousness of guilt, i.e., the defendant's attempt at flight and concealment when the police arrived at the premises, sufficient to convict in the absence of more tangible evidence of guilt *(see, People v Marin,* 102 AD2d 14, *affd* 65 NY2d 741).

Where proof of guilt is based solely on circumstantial evidence of constructive possession, the evidence must be such as to exclude to a moral certainty every hypothesis but that of guilt and be inconsistent with innocence *(see, People v Giuliano,* 65 NY2d 766; *People v Cleague,* 22 NY2d 363; *People v Harris,* 47 AD2d 385). Here, the evidence is at least equally consistent with a reasonable hypothesis of innocence. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.