■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND DOUZE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered August 28, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that because the evidence adduced at the trial also supports the possible inference that the defendant was merely a possessor of the stolen electronic equipment, the court's failure to alert the jurors to the existence of this alternative in its *Galbo* charge *(see, People v Galbo,* 218 NY 283) deprived the defendant of his due process right to a fair trial. By not objecting in the first instance to the charge, the defendant has failed to preserve this claimed error for appellate review *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Di Mauro,* 113 AD2d 840, 842). Further, under the facts of this case, there is no reasonable view of the evidence under which the jury could have concluded that the defendant possessed the items taken without also concluding that he must have committed the burglary in order to obtain these items *(see, People v Howard,* 60 NY2d 999, 1001; *People v Baskerville,* 60 NY2d 374, 382-383; *People v Everett,* 10 NY2d 500, 509, *cert denied* 370 US 963; *People v Galbo, supra,* at 290-291; *People v Duncan,* 126 AD2d 662,

663). Thus, the propriety of the court's decision not to advise the jury of the alternative inferences is supported by the evidence. The prosecution offered both direct and circumstantial evidence that the defendant acted in concert with his codefendant independent of the evidence of his presence in the van containing the stolen property, namely, the defendant's sworn admission of his participation in the burglary, and the testimony of a witness as to the entry of the defendant and codefendant into a graveyard to retrieve the stolen property, and defendant's flight from the van once the police pulled it over (cf., People v Waller, 131 AD2d 898, 899). Thus, under these circumstances, particularly the defendant's written admission, this case does not come within the purview of cases described by the Court of Appeals in People v Baskerville (supra), in which there is evidence from which the jury could conclude that the defendant participated in the burglary, but where there is also a reasonable view of the evidence under which the jury could find that the defendant acquired possession after the theft (see, e.g., People v Romaine, 128 AD2d 561, 562; People v Thornton, 104 AD2d 426, 427; People v Seaman, 96 AD2d 603, 604).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.