■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO RIVERA, Appellant. [766 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 30, 1999, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed insofar as it is asserted against the defendant, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In order to hold an alleged accessory liable for a crime committed by the principal actor, the People must establish, beyond a reasonable doubt, that "the alleged accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided" the principal (*People v Taylor,* 141 AD2d 581 [1988]).

The People failed to establish that the defendant was acting in concert with his codefendant (*see People v Waller,* 131 AD2d 898 [1987]). The evidence, when considered in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), failed to establish that the defendant shared the

codefendant's intent to burglarize the complainant's home (*see People v Taylor, supra; People v Waller, supra*).

In light of this determination, we need not reach the defendant's remaining contentions. Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.