People v Jones (2018 NY Slip Op 03703)





People v Jones


2018 NY Slip Op 03703


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-02968
 (Ind. No. 149/14)

[*1]The People of the State of New York, respondent,
v
Shawn Jones, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth E. Shillingford, J.), rendered March 26, 2015, convicting him of burglary in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of burglary in the third degree and criminal possession of stolen property in the fifth degree following a jury trial at which the prosecution presented evidence that he took tools and carpentry equipment from a building owned by the complainant.
We agree with the Supreme Court's ruling permitting a lay witness to testify that, in his opinion, the defendant was the person depicted in a surveillance video of the subject building, since the defendant's appearance had changed between the commission of the crime and the time of trial. The witness testified that he knew the defendant from the neighborhood and through a relationship the witness had with the defendant's stepson, as well as from having seen the defendant at the stepson's residence approximately once every other month over a two-year period. Thus, under the circumstances of this case, the challenged testimony served to aid the jury in making an independent evaluation of the videotape evidence (see People v Russell, 79 NY2d 1024; People v Franzese, 154 AD3d 706; People v Walker, 78 AD3d 1082, 1084; People v Ruiz, 7 AD3d 737, 738). Moreover, contrary to the defendant's contention, the court's limiting instructions regarding this testimony were appropriate (see People v Sanchez, 21 NY3d 216).
Similarly unavailing is the defendant's contention that the Supreme Court erred in giving the jury a Galbo charge (see People v Galbo, 218 NY 283) to the effect that the defendant's guilt of burglary could be inferred from his recent, unexplained, and exclusive possession of the stolen items. The prosecution presented both circumstantial and direct evidence, including admissions made by the defendant during a series of telephone calls, that the defendant committed the burglary and possessed the items, and there was no reasonable view of the evidence whereby the jury could have found that the defendant unlawfully possessed the property without also finding that he committed the burglary (see People v Howard, 60 NY2d 999, 1001; People v Lopez, 196 AD2d 891, 891-892; People v Douze, 186 AD2d 753, 753-754; cf. People v Baskerville, 60 NY2d [*2]374, 383-384).
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court